## 11081

### McMAHAN v. McMAHON

(115 S. E., 293)

1. CONTRACT—"UNILATERAL CONTRACT" DEFINED.—A unilateral contract is one in which there is a promise on one side only; the consideration on the other side being executed.

2. VENDOR AND PURCHASER—ACCEPTED OFFER TO SELL BECOMES ENFORCEABLE CONTRACT.—A proposal to sell designated land at a certain price, when accepted, becomes an enforceable contract.

3. ESTOPPEL—IN VIEW OF CONDUCT OF DEFENDANT, WITHDRAWAL OF ACTION FOR SPECIFIC PERFORMANCE AND DAMAGES HELD NOT TO PRECLUDE SUBSEQUENT ACTION FOR DAMAGES ONLY.—Plaintiff, withdrawing action for specific performance of a land contract and for damages, held not estopped from maintaining action for damages, where defendant, after values had declined, tendered a deed, but did not offer to pay damages, which tender plaintiff refused.

4. ELECTION OF REMEDIES—RULE WHERE ELECTION OF ONE REMEDY BARS RIGHT TO INVOKE OTHER REMEDY STATED.—If a party invoke a remedy appropriate to a certain state of facts and there should exist another remedy appropriate to a different state of facts, inconsistent with and repugnant to the first state of facts, invocation

of first remedy is an election which by the bare commencement of action bars the right to invoke the other.

5. ELECTION OF REMED'ES—RULE, WHERE ELECTION OF ONE REMEDY NOT BAR TO OTHER REMEDY, STATED.—When a, certain state of facts entit'es a party to alternative remedies, both founded on the identical state of facts, these remedies are not considered inconsistent, though they may not be able to stand together, and invocation of one is not an election which will bar the other, unless suit on the first remedy invoked reached final adjudication, or unless by invoking the remedy first sought to be enforced plaintiff gained advantage or caused detriment or change of situation to defendant.

6. ELECTION OF REMED'ES—SPECIFIC PERFORMANCE OR DAMAGES FOR BREACH OF LAND SALE CONTRACT NOT INCONSISTENT REMED'ES.— When either party to a land sale contract has failed in his obligation, the other is entitled to the alternative remedy of specific performance or damages, each of which recognizes the validity of the contract and is based on the existence of the contract and its breach, and are not inconsistent.

7. ELECTION OF REMED'ES—ACTION FOR SPECIFIC PERFORMANCE, DISCONTINUED BEFORE JUDGMENT, NOT SUCH ELECTION AS BARRED ACT ON FOR DAMAGES.—On breach of land sale contract, purchaser's suit for specific performance, not being an inconsistent remedy with an action for damages for breach, being discontinued before final judgment, was not such election of remedies as barred later suit for damages.

8. VENDOR AND PURCHASER—MEASURE OF DAMAGES FOR REFUSAL TO CONVEY LAND STATED.—Where vendor having tit'e refuses to. convey, and no part of the consideration has been paid, the measure of damages which purchaser is entitled to recover is the value of the land at the time the contract should have been performed, less the contract price.

9. APPEAL AND ERROR—ERROR IN INSTRUCTION INVITED.—In action for breach of land sa'e contract, an instruction that "there is no contest about what the contract was," while technical error, was invited by request that the measure of damages was the difference between the market price and "the contract price of the lots."

Before ANSEL, J., County Court, Greenville, March, 1921. Affirmed.

Action by James K. McMahan against Nora K. McMahon. Judgment for plaintiff and defendant appeals.

*Messrs W. G. Sirrine* and *Stephen Nettles,* for appellant, cite: *Bilateral and unilateral contracts:* Williston

Contracts, Sec. 13. *If contract binding equitable title was in plaintiff:* 107 S. C., 465. *Performance tendered and only damage recoverable was for use and occupation:* 57 S. C., 267; 71 N. W., 174. *Plaintiff cannot sue for specific performance and when that is tendered, sue for damages:* 86 N. E., 1126; 86 N. E., 775, 23 L. R. A. (N. S.), 144.

*Mr. John J. McSwain,* for respondent, cites: *Different remedies may be sought but only one satisfaction had:* 15 Cyc., 264; Ann. Cas., 1914-B, 1218; Cheves, L., 101. *To amount to an election one action must have been prosecuted to final judgment:* 18 N. J. Eq., 241. *Suits for specific performance and for damages may be brought:* 111 Mass., 271; 119 Fed., 588; 227 Mo., 219; 175 U. S., 148; 42 Atl. Rep., 868; 53 N. W., 251; 38 A. L. R., 615.

December 29, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action for damages on account of alleged breach of a contract by which the defendant agreed to sell to the plaintiff three certain lots near the city of Greenville at the price of $2,000. In May, 1920, the defendant who resided in California, was the owner of the three lots; early in June, she received a letter from the plaintiff, dated May 31st, relating to a purchase of the lots. On June 12th, she replied to the letter of May 31st, stating that she would take $2,000 cash for them, and suggesting, in the event of the plaintiff's acceptance of the offer, a plan for the consummation of the trade, namely, that the plaintiff should have the deed prepared according to the South Carolina form and mailed to her; that she would execute it in due form and mail it to a friend of hers, L. B. Case, to be delivered to the plaintiff upon his delivering to Case a certified check, payable to her, for $2,000. The evidence tends to show that the plaintiff accepted the terms of the proposal in such a manner

as to bind him to its performance in the event of an action by the defendant against him. He testified, "I accepted the offers"; that when he received the letter of June 12th he had an unsigned deed covering the lots drawn and mailed to Mrs. McMahon, arranged to get the money, and telegraphed her that he had complied with her request. After the defendant received the form of deed from the plaintiff which had been transmitted as suggested in her letter of June 12th, the defendant wrote the plaintiff on June 29th, recalling her offer of June 12th, refusing to accept $2,000 for the lots, and declining to execute the deed. The plaintiff then on July 7th brought an action against the defendant for the specific performance of the contract and for $500 damages. The time for answering the complaint was extended from time to time, and it appears that no answer was ever filed. On November 30th the defendant made a tender of a deed conveying the lots to the plaintiff for the original price offered, $2,000. The plaintiff refused to accept it and comply, took an order discontinuing his action for specific performance, without objection by the defendant, and instituted the present action at law for damages for breach of the contract.

The following questions arise for determination:

No. 1. Does the evidence tend to establish an enforceable contract between the parties?

No. 2. Is the plaintiff estopped from maintaining this action by reason of his refusal to accept the deed tendered to him on November 30th, while the action for specific performance was pending?

No. 3. Is the plaintiff barred from maintaining this action by reason of his election to institute the prior action for specific performance of the contract?

No. 4. Is there any evidence tending to establish the plaintiff's claim for damages?

No. 5. Was there error on the part of the presiding Judge in charging the jury, "There is no contest about what the contract was"?

The first question: From the foregoing statement there was evidence tending to show that a proposal for a sale at a certain price was made by the defendant and accepted by the plaintiff. The defendant contends that the evidence tended to establish only a unilateral contract, subject to revocation by the defendant at any time prior to its consummation. The distinction between unilateral contracts and bilateral contracts is recognized. A unilateral contract is one in which there is a promise on one side only; the consideration on the other side being executed. A familiar illustration is an option, upon valuable consideration, to purchase land. The promisor only is bound; the promisee being at liberty to comply or not at his option; his consideration being executed.

The proposition of Mrs. McMahon was but an offer to sell, which she had the right to revoke at any time prior to acceptance by McMahan; neither being bound up to that time, and both being bound thereafter. The fact that her offer may have been made upon conditions to be accepted by McMahan did not contract her proposal into any kind of contract, unilateral or bilateral. As a matter of construction the suggestion in her letter of June 12th, as to how the trade was to be consummated, was not imposed as a condition, but simply as a convenient method of consummating it, which McMahan appears in good faith to have made every effort to comply with. After his acceptance, it was beyond the power of Mrs. McMahon to revoke her proposal.

The second question: The pendency of the first action for specific performance continued uninterrupted by any movement of the plaintiff from July 7 to and after November 30, when the tender of the deed was made. As long as it so continued, it carried with it the

assurance on the plaintiff's part that if what was demanded
by him was offered he would accept it.    The complaint de-
manded, not only specific performance of the contract, but
damages to the amount of $500 for the alleged breach.    If
within a reasonable time the defendant had offered a deed
and to pay such damages as the plaintiff had sustained, and
he had refused such offer, there would have been strong
reason for holding him estopped from repudiating his own
proposition; but the defendant did not comply with this
condition.    She waited until November 30th to tender the
deed, at a time when real estate values had declined, and it
was to her interest to accept the $2,000, without a sugges-
tion of paying the plaintiff the damages he claimed, or any
part of them.    As she was actuated by her own interest in
tendering the deed after so long a delay, she cannot be
heard to insist that the plaintiff should be estopped from
acting upon the same impulse.

The third question:    Upon the breach of the contract by
Mrs. McMahon the plaintiff had open to him two remedies:
an action to enforce the specific performance of the contract
(the result being he would pay the purchase price of the lot
and Mrs. McMahon would execute and deliver a deed to
him), or an action against her for damages consequent upon
the breach; the one in equity, the other at law.    These
remedies are not inconsistent with each other, for they each
depend upon the establishment of the identical contract.

The doctrine of election of remedies is regarded as be-
ing an application of the law of estoppel, upon the theory
that a party cannot in the assertion of his right occupy in-
consistent positions in relation to the facts which form the
basis of his respective remedies; it is based on the proposi-
tion that, when a party has two remedies proceeding upon
opposite and irreconcilable claims of right, the one adopted
excludes the other.

The so-called "inconsistency of remedies" is not an in-
consistency between the remedies themselves, for this may

often happen when the same facts are relied upon as the basis of the several alternative remedies; but it means that a certain state of facts relied upon as the basis of a certain remedy is inconsistent with and repugnant to another certain state of facts relied upon as the basis of another remedy.

If a party should invoke a remedy appropriate to a certain state of facts, and there should exist another remedy appropriate to a different state of facts, inconsistent with and repugnant to the first state of facts, his invocation of the first remedy is an election which by the bare commencement of the action will bar his right to invoke the other remedy.

When a certain state of facts under the law entitles a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies, though they may not be able to "stand together" the enforcement of the one remedy being a satisfaction of the party's claim. In such case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication, or unless by the invocation of the remedy first sought to be enforced the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other.

When either party to a contract for the sale of land has failed in his obligation, the other is entitled to the alternative remedy of specific performance in equity or damages at law. They are not inconsistent remedies, for they each recognize the validity of the contract, and are based upon the identical state of facts, the existence of the contract and its breach. As between themselves they cannot be said to be consistent, for one seeks to secure the title to the land and the other proposes to leave the title with the other party and have compensation in

damages. But the test being as above stated, they are not considered inconsistent remedies.

The suit for specific performance therefore not being the invocation of an inconsistent remedy, and being discontinued before final judgment, did not of itself constitute such an election as barred the later suit for damages.

But another consideration enters into the case under the third of the following propositions: (1) The invocation of an inconsistent remedy in the sense explained above is a bar to the prosecution of the other remedy by the bare commencement of the action; (2) the invocation of a consistent remedy is not a bar to the prosecution of the other unless the action has proceeded to final judgment; or (3) unless the institution of the action has produced an advantage to the plaintiff or a detriment to the defendant.

When there are two or more remedies, inconsistent though they may be, but both based upon the identical right, the mere bringing of one form of action does not operate as a conclusive election which, prior to judgment, will bar another form of action, as long as the rights, obligations, and situation of the parties are not changed by the mere institution of one of such actions. "No right or title, but only a remedy, is elected, and until judgment there is no bar to a change of remedy." 34 L. R. A. (N. S.), 310, note. Familiar illustrations of this principle are when an action is brought to recover the price of goods sold; the institution of such a suit will not bar one to recover damages for fraud and deceit in the purchase; they are both based upon the same right, an affirmance of the sale; and no alteration of the situation of the parties has been caused; so claim and delivery for property wrongfully taken from the plaintiff and an action to recover damages for the wrongful taking. In like manner the mere institution of a suit for breach of contract which is dismissed before judgment is not a bar to the further prosecution of a previously in-

stituted suit for specific performance.   *Otto v. Young,* 227
Mo., 193; 127 S. W., 9.   Nor will the result be different if
the suit for specific performance should be subsequently
instituted.   In neither case would the situation of the parties
be altered.   *Connihan v. Thompson,* 111 Mass., 270.

In *Spurr v. Ins. Co.,* 40 Minn., 424, 42 N. W., 206, it
is held that the mere commencement of an action to recover
on an insurance policy which is dismissed without a de-
termination on the merits, before the plaintiff has secured
thereby any advantage, benefit, or remedy or the defendant
has been prejudiced, does not preclude the subsequent main-
tenance by the plaintiff of an action to reform the policy
and to recover upon it as reformed.

In *Lowenstein v. Glass,* 48 La. Ann., 1422, 20 South.,
890, it is held that bringing an action for the price of goods
sold, and attaching them as the property of the defendant
with knowledge of all the facts which should influence an
election, is a conclusive election, which bars a subsequent
action for the annulment of the sale on the ground of
fraud and the restitution of the goods, although the first
action is in the meantime withdrawn and the attachment
released.   See, also, *Conrow v. Little,* 115 N. Y., 387, 22
N. T. 346, 5 L. R. A., 693; *Butler v. Hildreth,* 5 Metc.
(Mass.), 49; *McLeod v. Ficks,* 94 Iowa, 283, 62 N. W.,
753.

In *Marcus v. National Council,* 127 Minn., 196, 149
N. W., 197, it is said:

"In order that the commencement of an action which is
not prosecuted to judgment and which results in no benefit
to plaintiff or detriment to defendant, shall have the effect
to bar any other remedy the plaintiff may have the remedies
must proceed from opposite and irreconcilable claims of
right, and must be so opposite or inconsistent that a party
cannot logically assume to follow one without renouncing
the other."

The conclusion that the plaintiff is barred from maintaining this action by his election to institute the prior action for specific performance must admittedly rest upon a clearcut finding of fact that the plaintiff gained such an advantage, or that the defendant was so prejudiced by the institution of the first suit that it would be inequitable to permit the plaintiff to recover in the second action for damages. In the first place, this is an appeal in a law case wherein the authority of this Court is limited to the correction of errors of law. The essential point upon which that conclusion is based was not made in the Court below, was not passed upon by the trial Judge, and is not fairly embraced in the exceptions settling out the assignments of error on the appeal to this Court. The defendant's sole contention of fact as to estoppel on the motions for nonsuit and a directed verdict was that the plaintiff's "refusal to accept the deed tendered on November 30, 1920, while the action for specific performance was pending, estopped" him to maintain this action. It was not contended that plaintiff was estopped by reason of any advantage gained by the plaintiff or detriment suffered by the defendant as a result of the suit for specific performance. No such defense was set up in the answer, no testimony was directed to the issue of fact involved in such defense, and no ruling made thereon by the Court below; neither is there any contention that the principle of election of remedies was applicable.

In the second place the record furnishes no adequate basis for the conclusion. If it be assumed that the defendant was prevented by the action for specific performance from selling at a higher price than she had contracted to sell to the plaintiff, is the plaintiff to be penalized for that condition of affairs rather than the defendant, who brought it about by violating a valid contract? The only possible advantage that could have accrued to the plaintiff by maintaining the suit for specific performance was to prevent

the disposition of property in this state by a non-resident defendant. The only detriment the defendant could have sustained was deprivation of a possible opportunity to sell the property, under contract to plaintiff, to some one else at a higher price, and, having sold, possibly to remove the proceeds from the jurisdiction of the Courts of this state. Certainly, the defendant was in no worse condition, relatively, when the first suit was withdrawn than was the plaintiff. Plaintiff was no more responsible for the fall in prices than the defendant. Because a change in commercial conditions over which he had no control rendered the plaintiff's suit for specific performance a liability instead of an asset in the legitimate effort to obtain redress for the infringement of his rights, there can be no valid reason for holding that he was bound either to proceed with that suit and take the property which had then depreciated in value below the price he had agreed to pay, or to abandon his suit and let the defendant go scot free. To permit a vendor, who has violated a contract and thereby deprived the vendee of a legitimate gain and caused him a consequent loss, to escape liability entirely, and to close the door of the Court to the vendee because his first suit for specific performance has to be abandoned as useless by reason of a change in market conditions for which he is in no wise to blame, would lead to a most inequitable conclusion.

The fourth question: The general rule is this: Where a vendor having title refuses to convey, and no part of the consideration has been paid, the measure of damages which the vendee is entitled to recover is the value of the land at the time the contract should have been performed, less the contract price. There was abundant evidence in the case to answer the requirements of this rule, the effort of which was properly submitted to the jury.

The fifth question: The presiding Judge was in error technically in stating that, "There is no contest about what the contract was." Under the case

of *Nickles v. Railroad Co.*, 74 S. C., 102, 54 S. E., 255, however, it was the duty of counsel contesting the fact of a completed contract to call the attention of the Judge to this statement now claimed to be error. In addition to this counsel for defendant requested the Judge to charge the jury that the measure of damages was the difference between the market price and the contract price of the lots at the time they ought to have been conveyed, which was well calculated to create the impression upon the mind of the Court that there was no issue as to the existence of a contract.

The judgment of this Court is that the judgment of the County Court be affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICES WATTS, FRASER, and MARION concur.