ASHLAND BLDG. & LOAN CO. v. KERMAN

et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6427.   Decided May 10, 1926

Judges Richards, Williams and Young, 6th Dist., sitting.

480.   EVIDENCE—A reviewing court cannot consider a mortgage unless it is introduced in evidence in the court below, although a copy is attached to the transcript of the docket and journal entry.

147.   BILLS & NOTES—Where a bank becomes the holder of a note in due course for valuable consideration before maturity, good faith must be impeached to render the note non-negotiable.

787.   MORTGAGES—When a mortgage is given to secure a note, an innocent holder does not hold same subject to latent equities, the mortgage being but an incident to the note. RICHARDS, J.

The original action was commenced in the Lucas Common Pleas by the Company to recover from Mary Kerman on a promissory note for $12,500 and for the foreclosurt of the mortgage securing same. The cause was tried without a jury and judgment was rendered for the Company in the amount of $10,618.50 besides interest.

The Company notwithstanding the rendition of the judgment in their favor prosecuted error, claiming that the judgment should have been for the full amount of the note.

The litigation arose out of the following facts:—Kerman borrowed $12,500 from the Cleveland Discount Co. upon a construction loan, the Discount Company paid part of the money to Kerman, and afterwards sold the note to the Ashland B. & L. Company, to the full amount; later the Discount Company gave a check to Kerman for the rest of the money, but failed before it was cashed.

The bank claimed it was an innocent purchaser for value in due course and entitled to the full amount of the note.   Kerman contends that the note is not negotiable in form and therefore the bank is not entitled to protection; that he bank became the holder before maturity; that the endorsement of a promissory note does not entitle the holder to the benefit of the mortgage, securing said note from the equities even though the note be negotiable.   The Court of Appeals held:

1. Kerman bases his first contention on a clause in the note which in part is "In case of default in the payment of any installment of principal - - - - shall become due and payable at the option of the holder hereof without notice."

2. Although a certified copy of the record of the mortgage is attached to the transcript of the docket and journal entries neither the original nor a copy of the mortgage was offered in evidence.

3. Therefore the court can take no cognizance of the terms of the mortgage except as set forth in the pleadings.

4. From a perusal of the pleadings there is nothing therein that would tend to make the note non-negotiable.

5. Under the agreed statement of facts the bank becomes the holder in due course before maturity.

6. Unless good faith is impeached, the note is negotiable and in this case there is no evidence tending to show bad faith, as monies to the full amount of a construction loan can be advanced before completion of a building.

7. It is insisted on authority of Bailey v. Smith, 24 OS. 396, that the endorsement of the note to the bank does not free the mortgage from all the equities even though the note is negotiable.

8. In the Bailey case the note and mortgage were obtained by fraud, and is not applicable here.

9. All that Kerman had was a latent equity and according to 78 OS. 162 the bank is entitled to the benefits of a holder in due course, as the mortgage is but an incident to the note.

Judgment reversed.

Attorneys—Tolles, Hogsett, Ginn & Morley and Leslie Nichols for the Bank; Crosser, Bishop & Blythin for Kerman et; all of Cleveland.