**DENNIS et v ROTTER et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4129. Decided April 4, 1932

Phineas S. Phillips, Cincinnati, F. E. Burnett, Cincinnati, and Leon Strikman, for plaintiffs in error.

S. Rotter, Cincinnati, for defendants in error.

ROSS, PJ.

There was no fraud upon the mortgagors in taking the mortgage. The facts are conclusive in showing that the mortgage was given to protect the mortgagors or at least Dennis, the husband, from the just claims and acts of his creditors.

The plaintiffs in error rely upon **Baily v Smith, 14 Oh St, 396,** as authority for the right of a mortgagor to set up equities he may have against the mortgagee in opposition to the suit in foreclosure of an assignee for value, before maturity and without notice of any defect in the instrument.

While the note in the instant case provided for acceleration, it was only at the option of the payee of the note upon default of an installment. No such option was ever exercised, for the very good reason that it was understood between the parties that no payments were to be made on the note which had been given without consideration.

Rotter, the assignee, was, therefore, a bona fide holder of the mortgage as well as the note in due course, for value and without notice of any claimed infirmity therein.

Baily v Smith, supra, has been definitely limited by subsequent decisions to a strict application to facts similar to those in that case. The decision is out of harmony with the majority of cases throughout the country. **First National Bank of Wapakoneta v Brotherton, Trustee, et, 78 Oh St, 162. Leeper v Hunkin et, 22 Oh Ap, 204, (5 Abs 67). Ashland Bldg. & Loan Co. v Kerman et, 23 Oh Ap, 127 (4 Abs 646).**

We adopt the language of Judge Richards in the case of Ashland Bldg. & Loan Co. v Kerman, supra, on page 132 of the opinion, as applicable to the instant case: •

"Third: It is further insisted on the authority of **Baily v Smith, 14 Oh St, 396,** 84 Am. Dec., 385, that the indorsement of the promissory note to the plaintiff does not entitle it to the benefit of the mortgage free from equities, even though the note be negotiable. The decision in the case just cited is in conflict with the holdings of nearly all of the states and must not be extended beyond the facts involved. In that case both the note and mortgage were obtained by fraud, while in the case at bar there is not any claim of fraud in the exe-

cution and delivery of the note and mortgage. The most that is contended is that the Kermans had a latent equity, in that the entire amount represented by the note had not been advanced to them by the Cleveland Discount Company. The rule of law in such case is clearly stated in **First National Bank v Brotherton, Trustee, 78 Oh St, 162, 84 NE, 794**, and under the authority of that case this court is of the clear opinion that the plaintiff, having purchased the note and mortgage for value, in due course, before maturity, is entitled to the benefits of a bona fide holder, not only as to the note, but as to the mortgage, which is a mere incident to the note."

In any event the mortgagors can not be now heard to disclaim the effect of an instrument they voluntarily executed and which has caused another to innocently part with a valuable consideration.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court is affirmed.

HAMILTON and CUSHING, JJ, concur.