14235

BLANKENSHIP *ET AL.* v. ZIMMERMAN *ET AL.*
ZIMMERMAN v. CENTRAL UNION BANK OF SOUTH CAROLINA *ET AL.*

(183 S. E., 760)

172

174

176

*Messrs. Melton & Belser,* for appellants,

*Messrs. W. B. Wilson, J. M. Blackmon* and *C. T. Graydon,* for respondents,

February 19, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It appears from the record that J. B. Swann departed this life the ———— day of April, 1932, leaving of force his last will and testament in which he named the Central Union

Bank of South Carolina executor; on the 25th day of April, 1932, the will was duly proved and letters testamentary issued to said bank, which immediately thereafter assumed its duties as executor of said estate. By the terms of the will certain specific bequests were made, and the residue of the estate was devised and bequeathed, share and share alike, to Mrs. R. F. Bankhead, Miss May Blankenship, and John Swann Blankenship, Sr., who are the plaintiffs in this action. In April, 1932, apparently immediately after assuming its duties as executor, the Central Union Bank invested $10,000.00 of the cash assets of the estate in a pool of mortgages aggregating more than $68,000.00, and issued to the estate a participation certificate for the sum of $10,000.00.

This action was commenced in June, 1934, to recover an alleged preference in the sum of $10,000.00 out of the assets of the Central Union Bank, which had become insolvent and, under the provisions of the Reconstruction Finance Corporation, was in the hands of Simpson J. Zimmerman and J. Roy Barron as conservators-receivers under the Acts of the Legislature in such case provided. By proper proceedings the case was transferred from York County, where it was begun, to Richland County. The conservators-receivers filed a demurrer to the complaint which was heard and overruled by his Honor, Judge J. Henry Johnson, in an order dated March 7, 1935. Thereafter the defendants served notice on plaintiffs' attorneys that they would move before the presiding Judge of the Court of Common Pleas for Richland County for an order abating, discontinuing, and dismissing the complaint on the ground that the plaintiffs have no right to maintain this suit while at the same time retaining and claiming the benefit of the participation certificate referred to in the complaint. At the same time they filed an answer and return. The allegations of the complaint summarized, show the facts hereinabove set out, and the complaint further alleges that the investment of the $10,000.00 in the group mortgages was not made under authority of or order of the

Probate Judge of York County, nor was the money invested in first mortgages on real estate, but these, plaintiff allege, that said investment was made knowingly, willfully, and intentionally in a participation certificate in a pool which was secured by mortgages for vastly larger sums than the value of the real estate would warrant as a fit, proper, or conservative investment; that this was in violation of its trust and in violation of the law in reference thereto and is contrary to Sections 9051, 7908, and 7909 of the Code of 1932; that the money of the Swann estate turned over to the Central Union Bank was by it mingled with other moneys, was not kept separate and distinct from other trusts, nor was the investment plainly marked; that the property in which it was invested was grossly inadequate then and now to secure the investment, and was known by the executor to be thus inadequate, and that it will be lost to the estate and these plaintiffs if it is allowed to stand; and that the investment trust is in such condition that it cannot be completed in a number of years and that the purpose and intent of the testator has been completely defeated; that by these methods the said executor has perpetrated a fraud on the estate and these defendants; and that it was negligent not to hold the funds in the bank ready for distribution at the proper time; that the plaintiffs did not consent to said investment, but on the contrary notified the bank that the funds would be needed at the end of the administration year and were assured by the trust officer of the bank that the funds were on hand and would be paid out. These plaintiffs allege that these transactions by the said bank are illegal, are null and void as a matter of law, and that they are entitled to establish what in law is known as a trust *ex maleficio,* and that these plaintiffs are entitled to have said amount above referred set aside as a preferred claim.

By their answer and return, the defendants set up, for a first defense, that the complaint does not allege and state facts sufficient to constitute a cause of action against these respondents for any preference in favor of plaintiffs, par-

ticularly in that (a) the complaint does not allege or show any acts or conduct on the part of the Central Union Bank which would entitle plaintiffs to a preference in the assets of said bank; and (b) the complaint does not allege or show that the plaintiffs have released their claim to the participation certificate referred to in the complaint. For a second defense they allege upon information and belief that the securities in which the plaintiffs hold a $10,000.00 participation certificate are probably good and collectible, and that the plaintiffs have not surrendered or released the benefits of said participation certificate, and the plaintiffs have no right to demand a preference in the assets of the bank while at the same time retaining the benefits of the participation certificate, and hence they are now estopped from maintaining and endeavoring to enforce this suit, and plaintiffs should be required to desist from the prosecution of this suit. For a third defense, admit the allegations of Paragraphs 1 and 2, except that they allege that Simpson J. Zimmerman and Roy J. Barron are acting as co-conservators-receivers. Answering Paragraphs 3, 4, and 5, they admit the same but crave reference to the original records referred to therein. Answering Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, they allege that they have no personal knowledge of the allegations and matters of fact therein set forth and therefore deny the same, except that they admit that they are informed that $10,000.00 of the said estate was invested in a participation certificate, and upon advice and belief they deny all the conclusions of law contained in said paragraphs and demand strict proof of all the allegations of the complaint. By way of further answer to all the allegations of the complaint, respondents allege that the Central Union Bank of South Carolina is insolvent, and has many other creditors, and upon information and belief the plaintiffs are not entitled to any preference in the assets of the bank as against the other creditors, and hence that all the relief prayed for in the complaint should be denied.

The matter came on for hearing before the Honorable G. Duncan Bellinger, Judge of the Fifth Circuit, who, on the 8th of July, 1935, filed an order, set out in the transcript of record, refusing the motion hereinabove referred to, that the suit be abated, discontinued, and dismissed. He further held that the plaintiffs' complaint is a straight suit for the recovery of $10,000.00 against the defendants as a preferred claim and that it is not necessary for them at this time, if at all, to affirm or disaffirm whether or not they would release or claim any benefits under the participation certificate referred to, and that this question can be properly determined when, and if, it arises after the trial of the present case.

It seems unnecessary to amplify the order of Judge Bellinger. In our judgment it is fully sustained by the decisions of this Court heretofore made in *McMahan v. McMahon,* 122 S. C., 336, 115 S. E., 293, 26 A. L. R., 1295; *Ex parte Hernlen,* 156 S. C., 181, 153 S. E., 133, 69 A. L. R., 443; and *Winn v. Harby,* 171 S. C., 301, 319, 172 S. E., 135. If the evidence produced upon the trial of the case sustains the allegations of the complaint, we think that under the rule laid down in the case of *Ex parte Bank of Aynor,* 144 S. C., 147, 142 S. E., 239, and the cases succeeding it and adopting the rule therein laid down, the plaintiffs would be entitled to have granted their plea that there be established in their behalf a trust *ex maleficio* upon the assets of the bank, which would entitle them to a preference.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.