TAYLOR, ADMR., APPELLANT, *v.* QUINN ET AL., APPELLEES.

(No. 3788—Decided May 26, 1941.)

*Mr. Elmer E. Davis* and *Mr. Richard A. McClure,* for appellant.

*Mr. Alfred J. Croll,* for appellees.

OVERMYER, J.   This action in ejectment was filed in Common Pleas Court by Thad W. Taylor, as administrator of the estate of Harriet C. Taylor, deceased, against Harry Quinn and others, seeking the possession of certain real estate in this county, under defeasance clauses in certain mortgages held by him as administrator.

The principal defense made was that the plaintiff-administrator is estopped from maintaining the action because he had formerly elected to prosecute, and did prosecute, an action for the foreclosure of two mortgages securing two certain due and unpaid promissory notes, which mortgages covered the same premises here involved, and which notes were the property of Harriet C. Taylor at the time of her death, and that in the former action it was determined and adjudged by this court that recovery on the notes could not be had because of the bar of the statute of limitations, affirmatively set up as defenses thereto.   The mortgages and notes had been executed by Alice and John A. McCullough, now deceased, through whom the defendant Quinn now claims title to the premises.   (See *Taylor,*

*Admr.,* v. *McCullough,* Vol. 47 Court of Appeals Opinions, Sixth District, unreported, p. 413.)

In each of the mortgages the defeasance clause provided:

"Now, if the said Alice McCullough and John A. McCullough, their heirs, assigns, executors or administrator shall well and truly pay the aforesaid obligations according to the tenor thereof to said Harriet C. Taylor, her heirs or assigns, together with the taxes, assessments and insurance premiums, then the above, deed shall be void; otherwise the same shall remain in full force and virtue."

In the lower court the finding and judgment herein was in favor of defendant Quinn. The plaintiff appeals on questions of law, assigning as errors the reception in evidence of the record in the former case, above referred to, offered by the defendants, and that the judgment is not sustained by the evidence and is contrary to law.

The question presented by this appeal is well stated in plaintiff's brief as follows:

"Does a mortgagee, by attempting to foreclose his note and mortgage in a former action, and in which action the court found the fifteen-year statute of limitations had run upon the note and therefore barred recovery, and which action was reduced to final judgment, make such an election of his legal rights that he could not thereafter bring an ejectment action on said mortgage where the twenty-one year statute of limitations has not run?"

The answer to the question is clearly indicated by an examination of the authorities. The following propositions are established law on the question of election of remedies:

"The owner and holder of a mortgage securing debt * * * has two remedies * * *. He may bring an action in foreclosure of the mortgage * * *. Or, he may, after

condition broken, assert title under the mortgage and bring ejectment,'' etc. *Bradfield* v. *Hale,* 67 Ohio St., 316, 323, 65 N. E., 1008.

''It is a well-established rule that the choice of a fancied remedy which never existed, and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed them to be, or the law applicable to the facts is found to be other than supposed, though the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy, in the absence of facts which create an estoppel. * * * It has also been stated that when the plaintiff brings an action, on the supposition that it is the proper one, and he fails in the litigation because he was not pursuing the proper remedy or course, then such litigation forever establishes the fact that he did not have two courses open to him, but only one.'' 15 Ohio Jurisprudence, 252, Section 30 and cases cited. See, also, 18 American Jurisprudence, 147, Section 24, text and citations of scores of cases.

''A party may erroneously pursue a remedy which is not open to him at all, and the question arises whether because of his mistake he must be held to have renounced the remedy which he had. As to this matter, there seems to be no uncertainty in the decisions. If, in truth, the suitor has no such remedy as he invokes, his action in pursuing it does not constitute an election, and the absence of good faith in asserting a right the chosen remedy for which is found to be inappropriate seems an immaterial circumstance. * * * Even where a party has pursued a remedy which would have entitled him to some relief and later has discovered facts which disclose a better remedy, he may follow the better remedy if no conditions of injury amounting to an estoppel have resulted to the other party.'' 18 American Jurisprudence, 146, Section 24 and extended citations.

"It is a general rule that it must appear that remedies sought to be enforced are inconsistent, and not merely cumulative, in order to have the selection of one remedy operate as a bar to the pursuit of the other, or to compel the plaintiff to elect between remedies because of principles of election of remedies." 15 Ohio Jurisprudence, 255, Section 33, citing cases. See, also, *McMahan* v. *McMahon*, 122 S. C., 336, 115 S. E., 293, 26 A. L. R., 1295.

"Where the remedies afforded are inconsistent, it is the election of one that bars the other; but where they are consistent, it is the *satisfaction* that operates as a bar. * * * In some of the cases in this class it has been determined that there is no estoppel until *satisfaction has been obtained.*" (Italics ours.) 18 American Jurisprudence, 136, 137, Section 13, citing cases. See, also, *Frederickson* v. *Nye,* 110 Ohio St., 459, 144 N. E., 299; *Land* v. *Berzin,* 26 Ohio Law Abs., 703, paragraph 2 of the syllabus; 9 Ruling Case Law, 957, Section 1; *Fleming* v. *Dillon,* 370 Ill., 325, 18 N. E. (2d), 910, 120 A. L. R., 1218.

The meaning of the term "inconsistency" of remedies is given in 18 American Jurisprudence, 134, 135, Sections 11 and 12.

The doctrine of estoppel is the basis of the doctrine of election of remedies. Estoppel is based upon the theory that where one has, by his conduct, led another to change his position to his damage, disadvantage or detriment, he is estopped from benefiting by such conduct.

"The doctrine of waiver or preclusion by election of remedies, is sometimes called an estoppel, or it is said that the pursuance of one remedy 'estops' the party from seeking to enforce an *inconsistent* remedy, or from making an inconsistent defense in a subsequent action relating to the same transaction; but the principle of waiver by election of remedies is not con-

fined to the limits of the doctrine of estoppel *in pais*, and is therefore distinct therefrom." · (Italics ours.) 15 Ohio Jurisprudence, 230, 231, Section 7 and 8. See, also, 18 American Jurisprudence 144, Section 21.

In the light of the authorities quoted and cited, and many others examined, as applied to the facts in this case, our conclusion on the propositions stated must be contrary to that of the lower court. The inhibitions on any of the propositions do not apply, and the requirements are met. The remedy or course pursued in the former case is not inconsistent with the remedy here sought; plaintiff is still seeking the "satisfaction" formerly sought upon the same debt, arising out of the same transaction between the same parties; there has been no satisfaction, even in part, of his claim; no one has been injured by the former proceeding, except the plaintiff himself, and the defendant is exactly in the same position he was before, in possession of the premises; therefore plaintiff has created against himself no estoppel; the notes are still due and unpaid and· the causes of action thereon still exist, but the plaintiff was barred by the statute from asserting them.

There are two asserted defenses remaining: One that the statute of limitations has run against the action, the other that the plaintiff-administrator has not legal capacity to bring the action.

As to the first matter, there is no merit in defendant's contention, because, while one of the notes does have an acceleration clause, the exercise of the provision was optional with the holder of the note and mortgage, and it not having been exercised at the time the right accrued, nor at any time by her, the mortgage was not in default until 1921, the due date of the note secured by it. The other note had no acceleration clause executed. Since the twenty-one year statute applies to the mortgage, the action would not be barred until 1942. *Schawzenbash* v. *Assmus,* 19 C. C. (N. S.),

189, 32 C. D., 421; *Perkins* v. *Swain,* 35 Idaho, 485, 207 P., 585, 34 A. L. R., 895, 897; 2 Jones on Mortgages (6 Ed.), 144, Section 1182.

In the other contention there is no merit for the reason that the provisions of Sections 10509-68 and 10509-69, General Code, specifically authorize the administrator to act in the situation here presented. The latter section provides:

"If the mortgagee or assignee did not obtain possession of the mortgaged premises in his lifetime, his executor or administrator may take possession by open and peaceable entry, *or by action,* as the deceased might have done if living." (Italics ours.)

Defendant Quinn filed a cross-petition asking that title to the premises be quieted in him. On the principal proposition here involved he cites *Spurrier* v. *Martin & Sisk, Exrs.,* 69 Ohio St., 533, 70 N. E., 1130, where, without written opinion, the Supreme Court reversed the Circuit Court (*Martin et al., Exrs.,* v. *Spurrier,* 13 C. D., 110). An examination of the opinion of the Circuit Court discloses that the case is no authority here. That was an action to construe a will. No mortgage was there involved. No reference is there made to Section 6070, Revised Statutes, the predecessor of Section 10509-68, General Code.

The court was in error in not entering judgment for the plaintiff and dismissing defendant Quinn's cross-petition. This court will make that order and remand the cause for execution.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.