**MOHAMMED ABDALLAH, Appellant**

v.

**ABDRHMIN ABDALLAH**

No. 15,536

United States Court of Appeals

Third Circuit

Argued February 2, 1966

Decided April 14, 1966

*See, also, 359 F.2d 170*

GEORGE H. T. DUDLEY, ESQ. (DUDLEY, HOFFMAN & GRUNERT), St. Thomas, Virgin Islands, *for appellant*

EDITH L. BORNN, ESQ. (COX & BORNN), Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge,* and MARIS and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

OPINION OF THE COURT

The plaintiff Mohammed Abdallah appeals from a judgment entered in the District Court of the Virgin Islands in which the motion of the defendant Abdrhmin Abdallah for a directed verdict was granted and the complaint, which sought damages for breach of a purchase option in a lease, was dismissed.

Two prior appeals from judgments entered in litigation arising out of the sale of the real property involved in this case have been brought to this court. The facts are these: In 1959 and prior thereto the defendant owned premises No. 2 Dronningensgade in the Queen's Quarter

510

of the town of Charlotte Amalie, St. Thomas, in the ground floor of which he was carrying on a retail mercantile business, known as the "Holy Land Store". On September 28, 1959 the defendant, in preparing to leave the Virgin Islands permanently to return to his native Jordan, had sold to his nephew, the plaintiff, for a consideration of $30,000.00, a two-thirds interest in his business. On December 9, 1959 the defendant gave the plaintiff a written lease of the ground floor of the premises which was occupied by this business for a term of five years from January 1, 1960. The lease contained the following clause:

"If the Landlord should at any time decide to sell the property in which the leased premises are situate and are a part, he shall give the Tenant the first opportunity and option to purchase the property at the best bona fide price which can be obtained by the Landlord."

The plaintiff's rights under this clause are the basis for the present action.

On December 30, 1959 the present defendant entered into an agreement to sell the premises to Isaac Machover for $90,000.00, but the defendant declined to execute a deed conveying the property to Machover. On January 11, 1960 Machover brought an action against him for specific performance. The defense was that the defendant had not agreed to sell his business property but rather a property which he owned on Frenchman's Hill. The district court found against the defendant and directed specific performance. Its judgment was affirmed by this court on appeal. Machover et al. v. Abdallah et al., 1962, 4 V.I. 353, 297 F.2d 938. By deed dated April 18, 1962 the defendant made the conveyance to Machover directed by the judgment of the district court.

Subsequently, the present plaintiff refused to surrender possession of the ground floor of the premises to Machover who then brought proceedings to obtain possession. The district court entered an order directing the present plain-

tiff to vacate the premises and to deliver possession to Machover, from which order the plaintiff took an appeal. The evidence in that proceeding showed that the plaintiff learned of the sale to Machover shortly after the agreement for the sale of the property was signed. On the same day Machover came to look at the property, knowing that the plaintiff had a lease but believing that it was for two years only. Machover failed to make any further inquiry as to the plaintiff's rights although the latter told him at that time that he had "papers" on the property. Under these facts this court held that Machover was chargeable with constructive notice of the present plaintiff's five years term, which a reasonable inquiry would then have disclosed to him. The judgment of the district court directing plaintiff to vacate the premises was accordingly reversed. Machover v. Abdallah, 1964, 4 V.I. 518, 329 F.2d 800. The plaintiff remained in possession for the full term of his lease and then removed the business to another location in Charlotte Amalie.

This brings us to the present action. On April 24, 1962, six days after the conveyance to Machover pursuant to the decree for specific performance, the plaintiff brought the present suit against the defendant for breach of contract, claiming that he was damaged in the sum of $60,000.00 by the failure of the defendant, in compliance with the purchase option in the lease, to inform the plaintiff that he had received a bona fide offer for the property and to give plaintiff an opportunity to purchase the property at the offering price. The defendant answered, asserting, inter alia, that the plaintiff saw the contract to sell the property to Machover shortly after it was signed on December 30, 1959, and knew of the suit by Machover for specific performance but that he at no time offered to purchase the property from the defendant and on the contrary advised the defendant that the contract with

Machover was not binding and agreed to retain counsel at his own expense to defend the specific performance suit brought by Machover, which the plaintiff did. The defendant further contended that since the plaintiff had failed to intervene as a party in that suit to assert his right to first refusal under the lease, he was estopped from asserting his claim in the present action. As a second defense, the defendant alleged that the five years lease, although dated December 9, 1959, was executed under duress subsequent to January 1, 1960 when the plaintiff knew that the defendant had contracted to sell the property to Machover. And, in an amended answer, the defendant asserted a third defense, that the plaintiff had elected to remain as a tenant under the five years lease and to pay rent to defendant and subsequently to Machover and that by electing to remain as a tenant rather than to purchase the property the plaintiff had waived any rights which he otherwise might have had against the defendant.

At the trial, which was to a jury, the plaintiff testified, inter alia, in respect to the five years lease and the purchase option contained therein, that he personally conducted for the defendant the defense of the specific performance suit brought by Machover in the district court and prosecuted the appeal from the judgment decreeing specific performance, and that he had wanted to purchase the property. Although he admitted that he had never actually offered the defendant a down payment, he did testify that he was "in a position to pay $90,000 for the property" at the time when the defendant agreed to sell it to Machover. At the close of the plaintiff's case, the defendant moved under Rule 50 for a directed verdict. The trial judge granted the defendant's motion and subsequently filed an opinion, in which his findings of fact were incorporated, setting forth his conclusion that under the lease of December 9, 1959 the plaintiff had two conflicting substantive rights, that is,

the right to remain as a tenant for the five years term of the lease, or, in the alternative, to purchase the property from the defendant on the same terms as defendant had given to Machover, but having elected to remain as a tenant he had lost his right to sue the defendant under the option agreement. Judgment was entered dismissing the complaint and awarding costs and counsel fees to defendant. This appeal by the plaintiff followed.

The narrow question presented on this appeal is whether the trial judge erred in ruling, at the close of the plaintiff's evidence, that a prima facie case entitling the plaintiff to relief had not been made out.

 It is well settled that specific performance of a contract will be directed where, by the provisions of the lease, the first privilege of purchasing the leased property has been conferred on the lessee and the lessor has failed to give the lessee an opportunity to meet a bona fide offer of purchase before selling the property to another. Burleigh v. Mactier, 1919, (N.J. Eq.) 108 A. 84; R. F. Robinson Co. v. Drew, 1928, 83 N.H. 459, 464, 144 A. 67, 70; L. E. Wallach, Inc. v. Toll, 1955, 381 Pa. 423, 113 A.2d 258; Restatement, Property, §§ 395, 413, 51 C.J.S. Landlord and Tenant § 80, 32 Am. Jur. Landlord and Tenant § 299. The option confers upon the tenant a valuable contract right. Cortese v. Connors, 1956, 1 N.Y.2d 265, 135 N.E.2d 28, 29. The principle stated in Butler v. Richardson, 1948, 74 R.I. 344, 60 A.2d 718, 722, is applicable here:

". . . An option is a unilateral contract in which the optionor agrees with the optionee that he has a right to buy the optionor's property according to the precise terms and conditions of the contract. Morgan v. Forbes, 236 Mass. 480, 128 N.E. 792. It has also been defined as a continuing offer to sell which may not be revoked during the period fixed for its acceptance, if it is under seal or if the agreement fixing the time is supported by a valuable consideration. Willard v. Tayloe, 8 Wall. 557, 19 L.Ed. 501. The agreement for the option contained in the lease in the case at bar meets

those requirements. Even if that provision were nothing more than a first refusal it would likewise meet such requirements . . . O'Brien v. Bolan, 166 Mass. 481, 44 N.E. 602."

 It is, therefore, doubtless true that the plaintiff could have brought a suit for specific performance against the defendant even though the latter had entered into a binding agreement of sale with Machover. For it has been held that under such circumstances the purchaser is bound to make inquiry as to all rights and interests, including option rights, of the person in possession of the property and, therefore, takes subject to those rights. Associated Truck Lines v. Baer, 1956, 346 Mich. 106, 77 N.W.2d 384, 387; Denco, Inc. v. Belk, 1957, (Fla.) 97 So.2d 261, 265; Annotation 17 ALR2d 331, 332. This court in Machover v. Abdallah, 1964, 4 V.I. 518, 522, 329 F.2d 800, 802, pointed out that "possession of real property is notice to the world of every right that the possessor has therein". See, also, Miller v. Green, 1953, 264 Wis. 159, 58 N.W.2d 704, 37 ALR2d 1104 and annotation thereto.

 It may well be true that the plaintiff waived his right to specific performance by remaining in possession as tenant under Machover for the full term of the lease, for, generally, specific performance, being an equitable remedy, must be asserted promptly unless there are circumstances which would excuse prompt action. See Unatin 7-Up Co. v. Solomon, 1944, 350 Pa. 632, 634–637, 39 A.2d 835, 836–837.

 But the fact, if it be a fact, that the plaintiff waived his right to specific performance by remaining in possession under the lease is not the end of the matter. For we are satisfied that he also had a right to accept the defendant's breach of his obligations under the option and to sue for the damages consequent upon the breach. The two remedies, the one in equity for specific performance and the other in law for damages, are not inconsistent

515

with each other since they each are based upon the same breach of the same contract. McMahan v. McMahon, 1922, 122 S.C. 336, 115 S.E. 293, 294, 18 Am. Jur. Election of Remedies § 12. As a general rule, a party may have as many remedies as the law gives provided they are consistent. In re Adrian Research and Chemical Co., 3 Cir. 1959, 269 F.2d 734, 736. Accordingly, an action for specific performance of a provision in a lease giving the plaintiff the first right to purchase the property may be drawn to assert, in the alternative, a claim for damages on account of the breach thereof. See, for example, McMahan v. McMahon, 1922, 122 S.C. 336, 115 S.E. 293; Superior Portland Cement v. Pacific Coast Cement Co., 1949, 33 Wash. 2d 169, 205 P.2d 597; Guaclides v. Kruse, 1961, 67 N.J. Super. 348, 170 A.2d 488.

We are in accord with what was said by the court in McMahan v. McMahon, 1922, 122 S.C. 336, 115 S.E. 293, 294–295, in this regard as follows:

"The doctrine of election of remedies is regarded as being an application of the law of estoppel, upon the theory that a party cannot in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies; it is based on the proposition that, when a party has two remedies proceeding upon opposite and irreconcilable claims of right, the one adopted excludes the other.

"The so-called 'inconsistency of remedies' is not an inconsistency between the remedies themselves, for this may often happen when the same facts are relied upon as the basis of the several alternative remedies; but it means that a certain state of facts relied upon as the basis of a certain remedy is inconsistent with and repugnant to another certain state of facts relied upon as the basis of another remedy.

"If a party should invoke a remedy appropriate to a certain state of facts, and there should exist another remedy appropriate to a different state of facts, inconsistent with and repugnant to the first state of facts, his invocation of the first remedy is an election which by the bare commencement of the action will bar his right to invoke the other remedy.

516

"When a certain state of facts under the law entitles a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies, though they may not be able to 'stand together'; the enforcement of the one remedy being a satisfaction of the party's claim. In such case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication, or unless by the invocation of the remedy first sought to be enforced the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other.

"When either party to a contract for the sale of land has failed in his obligation, the other is entitled to the alternative remedy of specific performance in equity or damages at law. They are not inconsistent remedies, for they each recognize the validity of the contract, and are based upon the identical state of facts, the existence of the contract and its breach. As between themselves they cannot be said to be consistent, for one seeks to secure the title to the land and the other proposes to leave the title with the other party and have compensation in damages. But the test being as above stated, they are not considered inconsistent remedies."

██ ██ Here the plaintiff elected to remain as a tenant and sue for damages, which he had a right to do, provided only that he brought his suit, as he did, within the period of time fixed by the statute of limitations. The fact that he chose to exercise his right under the lease to remain as a tenant during its full term was not inconsistent with his right to damages from the defendant for his violation of the option giving the plaintiff the first refusal to purchase the leased property. Nor was his right to damages conditioned upon his having made a demand and tender under the option. For the defendant, by executing a binding contract of sale with Machover, had repudiated the option and thus waived the necessity of a tender. Under such circumstances "the law, which is eminently practical, does not require the doing of a vain thing." Unatin 7-Up Co. v. Solomon, 1944, 350 Pa. 632, 636, 39 A.2d 835, 837. It follows that the district court erred in holding that the

plaintiff had failed to establish a prima facie claim entitling him to relief. The case must, therefore, go back for a new trial.

The judgment of the district court will be reversed and the cause remanded for a new trial.