ACME CLEVELAND CORPORATION *v.* TRAYCO ELECTRIC CO., INC.

(No. 83 CVF 10124 — Decided October 3, 1983.)

Cleveland Municipal Court.

*Lester S. Potash,* for plaintiff.

*Melvyne E. Resnick,* for defendant.

ADRINE, J.  The defendant, Trayco Electric Co., Inc., by written motion and upon oral hearing has moved this court for relief from judgment previously entered against it. The judgment was obtained based on a confession thereof contained in a cognovit note filed with this court by the plaintiff, Acme Cleveland Corporation.

Upon oral hearing, the court and counsel for the respective parties agreed that the motion turns upon a single narrow issue:

"Did the plaintiff's acceptance of a past due payment with interest, prior to giving notice of intent to exercise its right to accelerate *all* payments, serve as a waiver of that right with regard to the payment thus accepted?"

The parties have failed to cite the court to, nor has the court's independent research uncovered, any Ohio case law directly on point regarding this issue. However, a number of roughly analogous situations in Ohio, as well as the case law of other jurisdictions, provide some guidance.

Some affirmative action on the part of the holder of a promissory note evincing his election to take advantage of the accelerating provision therein is required. Until such action is taken the provision has no operation. *Dennis* v. *Rotter* (1932), 43 Ohio App. 330; *Taylor*

1

v. *Quinn* (1941), 68 Ohio App. 164 [22 O.O. 292]; Annotation (1949), 5 A.L.R. 2d 968, 970, Section 3.

The courts of many of our sister states, including California, New York, Illinois, Indiana and Massachusetts, have taken the position that the unconditional acceptance of a past-due payment of interest operates as a waiver of the creditor's right to insist that the prior default in payment accelerated the entire debt, pursuant to an acceleration clause contained in the instrument evidencing the debt. See Annotation (1964), 97 A.L.R. 2d 997, 1000, Section 3. In *Wilshire Enterprises, Inc.* v. *Taunton Pearl Works, Inc.* (1970), 356 Mass. 675, 678, 255 N.E. 2d 375, 376, the Supreme Judicial Court of Massachusetts held:

"Under the clause in the case at bar a default in payment requires a positive act, a decision to accelerate by the creditor. Payment of the overdue instalment prior to the time the option is exercised removes the conditions upon which the exercise may be based. *Trinity County Bank* v. *Haas,* 151 Cal. 553, 556-557. *Van Vlissingen* v. *Lenz,* 171 Ill. 162, 169. *Weinberg* v. *Naher,* 51 Wash. 591, 594."

Turning now to the case *sub judice,* clearly the plaintiff has failed to establish that it took any affirmative action to evince its intention to accelerate this debt. In its brief and in argument the plaintiff has relied upon the fact that the agreement itself was drafted by the defendant to support its position that the defendant knew or should have known that it was in default as of April 2, 1983. Contrary to the plaintiff's stated position, its action in unconditionally accepting the defendant's tardy initial payment tended to muddy what would have otherwise appeared to be its crystal clear intent to accelerate the balance due.

The evidence reflects that the filing of the instant suit did not occur until after the acceptance and negotiation of the defendant's late payment. Therefore, the acceptance served as a waiver of the plaintiff's right to require that the entire remaining balance immediately become due and payable. The authorities are clear that no different result would be reached if the payment had been accepted *after* the initiation of suit. See Annotation, 97 A.L.R. 2d, *supra,* at 1013, Section 7.

Pursuant to the authority cited above, the court finds defendant's motion for relief from judgment well-taken. It is therefore granted. Judgment previously entered for the plaintiff is hereby vacated and all aids in execution thereof dissolved. This cause is ordered placed on the active trial list for hearing on the merits.

*Motion granted.*