James F. WELLS, Special Receiver, ex rel A. C. SUTTON & SONS, INC., Plaintiff v. A. C. SUTTON, III, T. D. Sutton, Rebecca Sutton and Sutton Redi-Mix Concrete Supply Company, a Partnership, Defendant.

In re TURNER-COLEMAN, INC., Appellant v. A. C. SUTTON & SONS, INC., Respondent.

(382 S. E. (2d) 14)

Court of Appeals

*Brian L. Boger,* Columbia, *for appellant.*

*John C. Hayes, III,* Rock Hill, *for respondent.*

Heard May 17, 1989.

Decided July 23, 1989.

CURETON, Judge:

The case concerns efforts to collect a money judgment. Turner-Coleman Inc. obtained a jury verdict for $19,861 against A. C. Sutton & Sons Inc. on June 7, 1977. Since that time Turner has engaged in an effort to trace assets of Sutton & Sons and have a receiver appointed to bring suit to recover the assets from former officers of the company. A receiver was ultimately appointed and a suit was filed. However, summary judgment was granted against Turner because the trial court held the judgment debt upon which the litigation was based expired prior to the trial of the receiver's suit. The sole issue presented on appeal is whether the trial court erred in dismissing the action because the "statute of limitations" should have been tolled by the appeals taken by Sutton & Sons during the tenure of the action. We affirm.

A history of this case is necessary. The jury verdict was obtained on June 7, 1977. Sutton & Sons filed a notice of intent to appeal on June 14, 1977. No petition for a supersedeas was filed. The judgment was enrolled on October 24, 1977, and execution was issued on October 28, 1977. A Certificate of No Return on the appeal was issued on November 9, 1977. A *nulla bona* return was issued on the execution on November 22, 1977.

Turner filed a petition for the appointment of a receiver on December 13, 1977. The trial court referred the matter to a special referee. The record indicates discovery was undertaken and several hearings were held before the special referee during 1978. The special referee filed a report recommending the appointment of a receiver on October 20, 1978. Sutton & Sons excepted to the recommendation. A hearing was held in circuit court on May 30, 1979, concerning the recommendation. An order was issued on November 1, 1979, appointing a receiver with full power and authority to inquire into and report upon the distribution of corporate

assets of Sutton & Sons. The receiver issued a report on January 28, 1982, recommending action be taken to collect funds used by the officers and directors in contravention of payment to the creditors of the corporation.

Sutton filed exceptions to this recommendation on February 8, 1982. A hearing was held on March 15, 1982. By order dated November 23, 1982, the circuit court upheld the report of the receiver and empowered him to commence such actions as he deemed appropriate.

Sutton filed a notice of intent to appeal from the trial court's order of November 23, 1982. A Certificate of No Return was issued by the Supreme Court on March 29, 1983. A complaint was filed by the receiver on October 17, 1983, and an answer was filed on November 20, 1984. A motion for summary judgment not of relevance to this appeal was heard in March of 1985. The case finally came for trial in December of 1987. By that time Sutton had filed a motion to supplement its answer to assert a defense that no lien was enforceable against Sutton & Sons by virtue of the elapsing of ten years since the judgment. Sutton also orally moved for summary judgment on this defense. Turner resisted the motion on the ground that the time during which the judgment sought to be collected was on appeal would toll the running of the ten year period.

The trial court granted the motion to supplement the answer and the motion for summary judgment. The trial court found no authority to allow the tolling of the ten year period. The court's order cites Sections 15-35-810 and 15-39-30 in support of the proposition that a judgment is only enforceable for a period of ten years and the period cannot be renewed.

There are two periods when an appeal was filed by Sutton & Sons. The first is after the jury verdict in 1977 and the second is after the appointment of the receiver in 1982. In both appeals a Certificate of No Return was issued. *See* Supreme Court Rule 1, Section 5.

The 1977 appeal is not relevant because the trial court held the ten year period of the judgment began in October, 1977, when the judgment was enrolled. The 1982 appeal involved approximately a four month period between the date of the notice of intent to appeal and the certificate of no return.

Both parties agree a judgment in South Carolina expires at the end of ten years. A judgment represents a judicial declaration that a judgment debtor is personally indebted to a judgment creditor for a sum of money. *Ducker v. Standard Supply Co., Inc.*, 280 S. C. 157, 311 S. E. (2d) 728 (1984). A judgment entered upon the book of abstracts and duly indexed constitutes a lien upon the real estate of the judgment debtor located in the county where the judgment is indexed for a period of ten years. Section 15-35-810, Code of Laws of South Carolina, 1976. Executions may be issued within ten years from the date of the original entry of the judgment. Section 15-39-30; *see Mitchell v. Mitchell*, 266 S. C. 196, 222 S. E. (2d) 499 (1976). "The execution is [the] only process to enforce the judgment, and it cannot have active energy unless the underlying judgment has a lien." *Chester & Cheraw R.R. Co. v. Marshall*, 40 S. C. 59, 63, 18 S. E. 247, 249 (1893). The South Carolina Supreme Court has indicated a judgment is utterly extinguished after the expiration of ten years from the date of entry. *Hardee v. Lynch*, 212 S. C. 6, 46 S. E. (2d) 179 (1948) (discussing effect of Act No. 516, 1946 *S. C. Acts* 1436); *cf. Garrison v. Owens*, 258 S. C. 442, 189 S. E. (2d) 31 (1972) (judgment lien on real estate is absolutely extinguished after expiration of ten years from date of entry and the bringing of an action to enforce the lien will not preserve it beyond time fixed by statute if such time expires before action is tried).

In light of *Hardee* and *Garrison* we concur with the trial court's decision to grant summary judgment to Sutton & Sons on the ground the judgment was extinguished after ten years from the date of its entry. In affirming the trial court, this court emphasizes it does not condone efforts by judgment debtors to secrete assets to avoid payment of judgments. Likewise, this court does not criticize appropriate use of the appellate process to obtain review of orders or decisions issued by the circuit court. The reason for our holding is simply our recognition of the public policy of this State as expressed in the statutes to limit the life of judgments to ten years. A judgment creditor should recognize this policy and proceed expeditiously to conclude his efforts to collect his judgment within the ten year period.

The decision of the trial court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.