2156

Helene A. ACKERMAN, Appellant v. John N. McMILLAN and Faith J. McMillan, Respondents.

(442 S.E. (2d) 618)

Court of Appeals

*James E. Barfield,* Lexington, and *James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*Edward M. Woodward, Jr.,* of *Woodward, Leventis, Unger, Daves, Herndon & Cothran,* Columbia, *for respondents.*

Heard Feb. 9, 1994.

Decided Mar. 21, 1994. Reh. Den. May 5, 1994.

BELL, Judge:

This is an action for breach of contract. Helene Ackerman sued John and Faith McMillan for damages resulting from their withdrawal from a contract to sell real estate. The special referee found that Ackerman, not the McMillans, had breached the contract. Ackerman appeals. We reverse and remand.

The facts in this case are undisputed. On December 4, 1989, Ackerman and the McMillans entered into a contract for the sale of the McMillans' home. The closing date of the sale was set for April 15, 1990. The contract contained the following provisions:

> THIS OFFER IS CONTINGENT UPON THE ABILITY OF THE PURCHASER TO
> [X] OBTAIN FINANCING AS INDICATED ABOVE
> [X] COMPLETE THE SALE AND CLOSING OF PURCHASER'S HOME
>> Seller shall have the right to continue to offer herein property for sale. It is further agreed that in the event that the seller receives an acceptable offer on the property, purchaser will be given 48 hours after he or his agent has been notified of the existence of the new agreement to remove this contingency through written notice or this contract will be null and void. In order for purchaser to remove this contingency, purchaser must provide seller reasonable

> evidence that any financing required under this agreement will be granted. . . . If purchaser does not remove contingency, this agreement shall be terminated and all deposits be returned to purchaser.
>
> * * * *
>
> Purchaser also agrees to apply for financing as called for above, from the institution of his choice, within 10 days from date of execution of this Contract. . . .

In late January, 1990, the McMillans decided they no longer wanted to move.[1] On February 5, 1990, Faith McMillan called their real estate agent and advised him the house was no longer for sale. The agent removed the sale signs from the property that day. Ackerman was not told of the McMillans' decision until February 27, 1990.

On March 11, 1990, Ackerman applied for a $100,000 loan. This was her first attempt to secure financing for the purchase of the house.[2] On March 16, 1990, the McMillans' listing agent sent a letter informing them that Ackerman intended to close the sale of the house on April 15, 1990, that she did not have to complete the sale of her house, and that she was willing to remove the contingency if necessary.

On April 3, 1990, Ackerman received a check from her father in the amount of $269,000 to pay for the house at closing.[3] Despite letters from Ackerman to the McMillans indicating she intended to close the sale on April 15, the closing never took place.

On May 7, 1990, Ackerman filed this action seeking damages for the McMillans' breach.[4]

The special referee found that Ackerman had breached the

---

[1] The McMillans originally planned to move to Florence, South Carolina, in order to be nearer Faith McMillan's mother, whose husband had recently died. In late January, however, Mrs. McMillan's mother assured the couple that "everything was fine, her life was moving ahead, and that she could get along. . . ."

[2] Ackerman later applied and was approved for a $100,000 loan from another lending institution and canceled this first loan application.

[3] Ackerman testified that the funding of the $100,000 loan was contingent upon the bank's receiving an acceptable appraisal on the house. She also testified that the bank's appraiser was denied access to the house. Consequently, she approached her father, who indicated he would pay for the house.

[4] In her Complaint, Ackerman alternatively sought specific performance. At trial, however, she abandoned this claim.

contract by failing to apply for financing within the ten days stipulated. The referee held Ackerman could not recover any damages from the McMillans, because she breached the contract. The referee also found that the McMillans had received a competing offer for the house from themselves, thus triggering the 48-hour contingency removal clause in the contract. Because Ackerman failed to remove the contingency within 48 hours of being notified that the McMillans had received another offer from themselves, the referee found they had not breached the contract.

I.

Ackerman argues the referee erred in finding she breached the contract because she failed to apply for financing within ten days of the contract's acceptance by the McMillans.

The record shows that Ackerman's failure to apply for financing within 10 days was not the reason the McMillans withdrew from the contract. Ackerman's breach did not justify repudiation of the contract. In order to warrant a repudiation, a breach must be so fundamental and substantial as to defeat the purpose of the contract. *Gibbs v. G.K.H., Inc.*, — S.C. —, 427 S.E. (2d) 701 (Ct. App. 1993). Where the breach is not so material as to defeat the purpose of the contract, the nonbreaching party is compensated by damages. *Childress v. C.W. Myers Trading Post, Inc.*, 247 N.C. 150, 100 S.E. (2d) 391 (1957).

Because Ackerman obtained the funds with which to consummate the transaction prior to the specified closing date, the purpose of the contract was not defeated. The McMillans' only recourse, if any, was to seek damages from Ackerman, not to repudiate the contract.

II.

Ackerman also argues the referred erred in finding she failed to remove the sale contingency within 48 hours of being notified that the McMillans had "offered" the property to themselves.

A contract by one with himself is void. *Moore v. Bennettsville Warehouse Co.*, 136 S.C. 312, 134 S.E. 395 (1926). Such contracts lack the necessary element of mutuality of obligation. *Alala v. Peachtree Plantations, Inc.*,

292 S.C. 160, 355 S.E. (2d) 286 (Ct. App. 1987).

The McMillans received no other offers on the house except for their own. Because this was not a valid offer, the 48-hour provision was never triggered. Thus, Ackerman was not obligated to remove the contingency.

Accordingly, we reverse and remand for a determination of the amount of damages, if any, suffered by Ackerman due to the McMillans' breach.

Reversed and remanded.

GOOLSBY and CONNOR, JJ., concur.