478 S.E.2d 63

TRANSOUTH FINANCIAL CORP., Appellant,

v.

Ralph S. COCHRAN, Respondent.

No. 2478.

Court of Appeals of South Carolina.

Heard Feb. 7, 1996.

Decided March 18, 1996.

Refiled Sept. 26, 1996.

Jack H. Tedards, Jr. and Tara H. Snyder, Leatherwood, Walker, Todd & Mann, Greenville, for appellant.

Robert M. Ariail, of Mitchell & Ariail, Greenville, for respondent.

## ORDER WITHDRAWING AND
## SUBSTITUTING OPINION

### PER CURIAM:

After reviewing the Petition for Rehearing in this case, it is hereby ordered that the opinion heretofore filed be withdrawn and the attached opinion be substituted. The Petition for Rehearing is denied.

### HEARN, Judge:

This is an action on a guaranty agreement given by Ralph S. Cochran to TranSouth Financial Corporation. TranSouth appeals the trial judge's grant of a directed verdict in favor of Cochran. We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On March 18, 1981, Bud's Auto Sales, Inc. entered into a contract in which it assigned and transferred its assets to Auto Sales, Inc., a used car dealership. This agreement included a security interest in dealer inventory granted to TranSouth for money loaned to purchase the inventory. Auto Sales and TranSouth executed a promissory note whereby Auto Sales promised to pay $200,000 for the money loaned by TranSouth. Cochran, Conrad M. Shook, and Jo B. Shook were Auto Sales' corporate officers. Cochran, Conrad Shook, Jo Shook, and Dobbins Oil Company individually guaranteed Auto Sales' liability to TranSouth. Auto Sales defaulted on its obligation to TranSouth. TranSouth brought a collection action which resulted in a confession of judgment by Auto Sales and all guarantors other than Cochran.[1] The confession of judgment, in the amount of $91,828.31, was entered on August 1, 1984.

On June 26, 1990, TranSouth commenced this action alleging Cochran was liable under his guaranty for the amount of

---

1. Cochran was not served in this action. At trial, TranSouth admitted it did not pursue Cochran because its attorney had a conflict of interest and Cochran's poor financial condition indicated that recovery from him would be unlikely.

the judgment. In his Answer, Cochran denied any liability under his guaranty, sought an accounting of TranSouth's collection efforts against Auto Sales, and pled laches, estoppel, waiver, election of remedies, statute of limitations, modification, and res judicata.

On September 25–26, 1991, the case was tried before a jury. At the close of TranSouth's case, the trial judge directed a verdict in favor of Cochran on the following grounds: (1) the guaranty agreement did not apply because the confession of judgment superseded Auto Sales' original promissory note, thereby terminating Cochran's obligation under the guaranty, and (2) the action was barred by the doctrine of laches. TranSouth appealed and this court affirmed, finding Tran-South's argument on laches was not preserved for appellate review. *Transouth Fin. Corp. v. Cochran*, Op. No. 93–UP–153 (S.C.Ct.App. filed May 20, 1993). TranSouth's writ of certiorari was granted, and on November 17, 1994, the supreme court reversed the decision of this court and remanded the case. *TranSouth Fin. Corp. v. Cochran*, Op. No. 94–MO–263 (S.C.Sup.Ct. filed November 17, 1994). The supreme court held that the equitable doctrine of laches was inapplicable to this case, an action at law, and that the guaranty agreement applied to the debt and was not superseded by the confession of judgment.

On January 9, 1995, the case was retried before a jury. On the day of trial, Cochran moved to amend his Answer to include the additional defense that TranSouth's judgment against Auto Sales expired and was extinguished on August 1, 1994, ten years after the confession of judgment had been entered. The trial judge permitted the amendment. At the conclusion of the testimony, the trial judge directed a verdict in favor of Cochran, finding the confession of judgment had expired and Cochran no longer had an obligation on the guaranty. TranSouth filed a motion to reconsider, which was denied. This appeal followed.

TranSouth asserts the trial court erred in ruling that Cochran's obligation to TranSouth under his guaranty was extinguished when the ten-year life of the judgment lien against Auto Sales expired. We agree.

## I.

A guaranty is a contract and should be construed based on the language used by the parties to express their intention. *Peoples Fed. Sav. & Loan Ass'n. v. Myrtle Beach Retirement Group, Inc.*, 300 S.C. 277, 387 S.E.2d 672 (1989). The relevant provisions of Cochran's guaranty to TranSouth are as follows:

> [E]ach of us as primary obligor jointly and severally and unconditionally guarantees to you that Dealer will fully, promptly and faithfully perform, pay and discharge all Dealer's present, existing and future obligations to you; and agrees, without your first having to proceed against Dealer or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from Dealer and all losses, costs, attorney's fees or expenses which you may suffer by reason of Dealer's default. . . .

> You may renew, extend or transfer any obligations of Dealer or its customers or of co-guarantors, may accept partial payments thereon or settle, release, compound, compromise, collect or otherwise liquidate any obligation or security therefor in any manner and bid and purchase at any sale without affecting or impairing the obligation of any of us hereunder.

Based on the terms of the guaranty, Cochran had an independent contractual obligation to TranSouth which was not extinguished by the expiration of the confession of judgment against Auto Sales. As a primary obligor, Cochran unconditionally agreed to pay "all sums due" and "all losses" that TranSouth suffered due to Auto Sales' default. As evidenced by the confession of judgment, TranSouth suffered a loss because of Auto Sales' default. The terms of the guaranty provided that Cochran's obligation to TranSouth would be unaffected if TranSouth decided to release Auto Sales' obligation. The expiration of the confession of judgment amounted to a release of Auto Sales, but did not relieve Cochran's liability to TranSouth.[2]

---

**2.** Pursuant to S.C.Code Ann. § 15–3–520(b) (Supp.1995), an action upon a sealed instrument may be brought within the prescribed twenty year period.

■ It is well settled that a guarantor's liability is an independent contractual obligation. In *Citizens and Southern Nat'l Bank of S.C. v. Lanford*, 313 S.C. 540, 543–45, 443 S.E.2d 549, 551 (1994), the supreme court stated:

> The general rule in South Carolina ... is that a guaranty of payment is an obligation separate and distinct from the original note. This point is elucidated in 38 Am.Jur.2d, *Guaranty*, § 4, which states:
>
> > The debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The undertaking of the former is independent of the promise of the latter; and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral.

In *AMA Management Corp. v. Strasburger*, 309 S.C. 213, 219, 420 S.E.2d 868, 872 (Ct.App.1992), this court stated:

> A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor at maturity. It is a personal obligation running directly from the guarantor to the creditor which is immediately enforceable against the guarantor upon default of the debtor. (Citation omitted).

In reaching his decision to direct a verdict in favor of Cochran, the trial judge emphasized there was a ten year limitation period on the judgment. The trial judge stated, "if the form of your debt is a judgment, it becomes extinguished, not simply unenforceable." The trial judge concluded that the expiration of the judgment eliminated Cochran's obligation under the guaranty and, therefore, TranSouth was not entitled to recover. The trial judge based his statement on this court's decision in *Wells v. Sutton*, 299 S.C. 19, 382 S.E.2d 14 (Ct.App. 1989).

In *Wells*, a receiver of a dissolved corporation brought suit against a former shareholder to collect a money judgment, the result of a jury verdict against the former shareholder. Prior to the trial of the receiver's suit, the judgment debtor appealed. Summary judgment was granted against the receiver on the basis that the judgment debt had expired prior to the trial of the receiver's suit. The sole issue presented by the appeal

was whether the appeals taken by the judgment debtor should have tolled the ten-year statute of limitations. In affirming the trial court, this court relied on language contained in a supreme court opinion and stated, "a judgment is utterly extinguished after the expiration of ten years from the date of entry." *Wells,* 299 S.C. at 22, 382 S.E.2d at 16. *See also Hardee v. Lynch,* 212 S.C. 6, 46 S.E.2d 179 (1948) (discussing the effect of Act No. 516, 1946 S.C.Acts 1436 was to utterly extinguish a judgment after the expiration of ten years from the date of entry). However, it is clear from the wording of the statutes involved that the judgment "lien" continues for ten years and that "execution" upon judgments must issue within ten years. S.C.Code Ann. § 15–35–810 (1976) and § 15–39–30 (1976).[3]

*Wells* stands for the limited proposition that the ten year time period to collect a judgment against a judgment debtor cannot be tolled. *See Garrison v. Owens,* 258 S.C. 442, 189 S.E.2d 31 (1972) ("a judgment lien is purely statutory, its duration as fixed by the legislature may not be prolonged by the courts and the bringing of an action to enforce the lien will not preserve it beyond the time fixed by the statute, if such time expires before the action is tried"). *Wells* does not change our reasoning that Cochran's guaranty is an independent contractual obligation which survived the expiration of the confession of judgment. Although the judgment lien expired after ten years, the debt remained with the guaranty. This construction is also consistent with the supreme court's decision in this case that the guaranty was not superseded by the entry of confession of judgment.

---

**3.** S.C.Code Ann. § 15–35–810 (1976) provides in part:

A lien upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the book of abstracts of judgments and duly indexed, the lien to begin from the time of such entry in the book of abstracts and indices and to continue for a period of ten years from the date of such final judgment or decree.

S.C.Code Ann. § 15–39–30 (1976) provides in full:

Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions.

## II.

██ TranSouth requested this court to order the entry of judgment in its favor rather than remanding the case for further substantive proceedings. We recognize the principal, in the amount of $91,828.31, is undisputed. TranSouth also introduced a calculation of the amount due through the date of the trial. However, at trial, Cochran's counsel challenged the judgment rate of interest. In addition, the trial judge never made a determination of the amount of attorneys' fees. Therefore, we decline to order the entry of judgment. We remand the case for an additional evidentiary hearing to determine the amount of the judgment.

Accordingly, the decision of the trial court is

**REVERSED AND REMANDED.**

GOOLSBY and CONNOR, JJ., concur.