477 S.E.2d 267

**Helene A. ACKERMAN, Appellant,**

v.

**John N. McMILLAN and Faith J. McMillan, Respondents.**

No. 2574.

Court of Appeals of South Carolina.

Heard Sept. 10, 1996.

Decided Oct. 14, 1996.

James E. Barfield, Lexington; and James B. Richardson, Jr., of Svalina, Richardson & Smith, Columbia, for appellant.

Edward M. Woodward, Jr., of Woodward, Leventis, Unger, Daves, Herndon & Cothran, Columbia, for respondents.

CURETON, Judge:

This is an action for breach of contract. Appellant Helene Ackerman sued respondents John and Faith McMillan for damages resulting from their disavowal of a contract to sell real estate. The trial court found Ackerman had breached the contract of sale. On appeal, this court reversed, finding the McMillans breached the contract, and remanded for a determination of Ackerman's damages. *Ackerman v. McMillan*, 314 S.C. 268, 442 S.E.2d 618 (Ct.App.1994). Ackerman appeals the special circuit judge's decision on remand, arguing the judge retried the case de novo and further erred in his damages award. We reverse and remand.

The facts of this case are set forth in our prior opinion. Briefly, Ackerman sued the McMillans for breach of contract for the sale of the McMillans' home. A special referee heard the case on November 19, 1991 and April 28, 1992. The special referee found Ackerman breached the contract of sale by failing to apply for financing within the time stipulated in the contract. This court reversed the referee, finding the McMillans breached the contract, and remanded for a determination of Ackerman's damages, stating: "Accordingly, we reverse and remand for a determination of the amount of damages, if any, suffered by Ackerman due to the McMillans' breach."

On remand, the trial court determined Ackerman was not entitled to damages for breach of contract because Ackerman had originally requested specific performance by the McMillans, but had amended her complaint and waived her right to specific performance in favor of an action for damages. Because the McMillans had offered at some point to convey the property to Ackerman, the court concluded Ackerman's actions in waiving specific performance precluded her from recovering money damages. Based on this reasoning, the court determined Ackerman was only entitled to a refund of all sums paid under the contract.

Ackerman argues the trial court retried the case on remand de novo; made findings of fact regarding liability; and reached conclusions of law contrary to the Court of Appeals' decision. Ackerman also argues there was no issue before the trial court as to whether she had the right to make an election

of remedies prior to trial or the effect of that election, since that issue was not an issue in the prior appeal. Furthermore, Ackerman argues the court improperly received evidence on the issue of damages rather than relying on the transcript of the prior court proceeding. Ackerman requests this court remand for the trial court to determine the amount of attorney fees she should be awarded.

■ After the remittitur is sent down from an appellate court, the trial court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court ruling. *Muller v. Myrtle Beach Golf & Yacht Club,* 313 S.C 412, 438 S.E.2d 248 (1993); *Christy v. Christy,* 317 S.C. 145, 452 S.E.2d 1 (Ct.App.1994). Matters decided by the appellate court cannot be reheard, reconsidered, or relitigated in the trial court, even under the guise of a different form. 5 C.J.S. *Appeal and Error* § 975(a) (1993). The decision of the appellate court is final as to all questions decided. *Id.* It is the duty of the trial court to follow the decision of the appellate court. *Id.* It was therefore error for the trial court to reconsider the issue of liability in this case in view of the fact this court remanded the case for a determination of damages only. As we read the respondents' brief, they implicitly concede this issue.

■ The McMillans also concede that the proper measure of damages in this case is the difference between the contract price and the fair market value of the property at time of breach. *See McMahan v. McMahon,* 122 S.C. 336, 115 S.E. 293 (1922); *Benya v. Gamble,* 282 S.C. 624, 321 S.E.2d 57 (Ct.App.1984). Nevertheless, they argue in their brief that there is evidence to support the trial judge's damages award because there is evidence the fair market value of the property did not exceed the contract price.

■ The contract price was $274,500. At the April 1992 hearing, Ackerman's appraiser testified the fair market value of the house was $295,000 at the time the contract was breached.[1] The McMillans testified the fair market value of the house at the time of the execution of the contract was

---

1. There is no merit to the McMillans' claim that Ackerman's expert conceded on cross-examination that the property was worth as little as $260,000. The expert agreed with the McMillans' counsel that it was

$274,500. At the hearing on remand, the McMillans again testified the value of the house equaled the contract price on the date of sale and opined that property values had actually declined since the contract was signed.[2]

Although the state of the record may support the finding Ackerman suffered no damages because the contract price equaled or was more than the value of the house,[3] the trial court made no such finding. Instead, the court found that Ackerman's claim for damages "necessarily required disaffirmance of the contract." The court equated disaffirmance with rescission and accordingly found Ackerman entitled "to a refund of all sums paid under the contract." Clearly, the court went beyond its authority in making these findings.

We do not feel, however, as suggested by Ackerman, that we are at liberty at this juncture to assign a market value to the house at the time of the breach. We therefore remand to the trial court to determine the fair market value of the property at the time the contract was breached. Ackerman's damages shall then be determined by subtracting the contract price from the fair market value of the property as of April 15, 1990,[4] the date established in the contract for the McMillans to convey title. We again remand this matter to the trial court

"conceivable that the fair market value [of the property] on or about April 15, 1990 between a willing buyer and a willing seller could have been as low as two hundred and seventy-five thousand ($275,000) dollars." He further explained that it was conceivable it would have been sold for even less. However, the expert stated that there are other motivations affecting actual contract sale prices that may not reflect the market value of the property. He suggested that if the right broker is not employed, the property may sell for less than its market value. Nowhere in the record do we see that he modified his opinion of the fair market value of the property.

2. Ackerman introduced portions of Mr. McMillan's deposition which indicated that the fair market value of the property in June 1990 was approximately $300,000. However, there had been some additional improvements made to the property.

3. This is based on the premise that the court found the McMillans' testimony as to value more credible than Ackerman's expert's testimony.

4. In *McMahan v. McMahon*, 122 S.C. 336, 115 S.E. 293, the court stated that where a vendor refuses to convey title to real property, and no part of the consideration has been paid, the measure of damages

to determine the damages, if any,[5] suffered by Ackerman based on the record made at the November 1991 and April 1992 hearings. Additionally, the trial court shall, pursuant to the terms of the contract of sale, determine Ackerman's entitlement to costs and attorney fees, if any. As to the costs and attorney fee issues, the trial court may receive additional evidence.

Accordingly, the order of the trial court is reversed and remanded for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

ANDERSON and HUFF, JJ., concur.

---

which the purchaser is entitled to recover is the value of the land at the time the contract should have been performed, less the contract price.

5. We note that the McMillans' attorney acknowledged at trial that Ackerman would be entitled to nominal damages if she proved a breach by the McMillans.