THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Scott A. Belcher,       
Respondent,
 
 
 

v.

 
 
 
Rebecca J. Davis,       
Appellant.
 
 
 

Appeal From Pickens County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2003-UP-009
Submitted December 10, 2002  Filed 
 January 6, 2003   

REVERSED AND REMANDED

 
 
 
Marcus Kirk McGarr, of Greenville; for Appellant.
Andrew C. Barr, of Greenville; for Respondent.
 
 
 

PER CURIAM:  This civil case originated 
 in magistrates court.  The magistrate granted Belchers motion to quash discovery 
 subpoenas issued by Davis to third-party medical providers.  Davis appealed 
 to the circuit court.  The circuit court concluded it had subject matter jurisdiction 
 over the appeal and affirmed the magistrates order.  Davis appeals.  We reverse 
 the order of the circuit court based upon lack of subject matter jurisdiction 
 and remand the case to the magistrates court.
Discussion
Belcher and Davis were involved in an automobile 
 accident.  Belcher sued Davis in magistrates court.  Daviss counsel issued 
 discovery subpoenas to eight third-party medical providers to obtain medical 
 records concerning Belcher.  Belchers counsel filed a motion in magistrates 
 court to quash the subpoenas based upon Rule 13 of the Rules of Practice in 
 Magistrates Court.  After a hearing, the magistrate granted the motion to quash.  
 Davis appealed to the circuit court. 
 [1]   
Pursuant to South Carolina Code section 18-7-10, 
 [2] an appeal from a judgment of the magistrates court is to the circuit 
 court of the county where the judgment was rendered.  A judgment represents 
 a judicial declaration that a judgment debtor is personally indebted to a judgment 
 creditor for a sum of money. [3] 
 
In this case, the magistrates discovery order 
 is not a judgment.  The circuit court, therefore, lacked subject matter jurisdiction 
 under section 18-7-10 to consider the appeal.  Lack of subject matter jurisdiction 
 may be raised at any time, even for the first time on appeal. 
 [4]   Moreover, discovery orders are generally not immediately appealable. [5] 
Because the circuit court lacked subject matter 
 jurisdiction to consider the appeal, the order of the circuit court is REVERSED 
 and the case is REMANDED to the magistrates court.
GOOLSBY, HUFF, and SHULER,
JJ., concur.

 
 [1]   Davis argues that Rule 13 of 
 the Rules of the Magistrates Court does not prohibit a party from issuing 
 subpoenas to third-party medical providers for medical records.  Davis argues 
 that Rule 45, SCRCP, is applicable and that due process should allow for discovery 
 of this kind as the evidence goes to an issue concerning liability and damages. 
 
 An article in the most recent issue of South Carolina 
 Lawyer addresses this topic.  J. Craig Smith, Subpoenas in Magistrate 
 Courts: It Is Time To Simplify the Rules, South Carolina Lawyer, Nov. 
 2002, at 11.  Additionally, a S.C. Bar Ethics Advisory Opinion, concerning 
 violating the Rules of Professional Conduct, addresses this issue in part. 
 S.C. Bar Ethics Advisory Opinion, Op. No. 00-06 (Feb. 2000).

 
 [2]   S.C. Code Ann. §18-7-10 (1985).

 
 [3]   LaRosa v. Johnston, 328 S.C. 293, 296, 
 493 S.E.2d 100, 101 (Ct. App. 1997) (citing Wells v. Sutton, 299 S.C. 
 19, 22, 382 S.E.2d 14, 16 (Ct. App. 1989)).

 
 [4]   Bardoon Props., NV v. Eidolon Corp., 326 
 S.C. 166, 168-169, 485 S.E.2d 371, 372 (1997).  

 
 [5]   Hamm v. S.C. Pub. Serv. Commn, 312 S.C. 
 238, 241, 439 S.E.2d 852, 853 (1994).