THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Danny R.
 Prince, Respondent,
 v.
 Beaufort Memorial Hospital and its Employees, Servants and Agents, Appellants.
 
 
 

Appeal From Beaufort County
 Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-139
Heard January 8, 2008  Filed March 3,
 2008
REVERSED AND REMANDED

 
 
 
 Mary Bass Lohr, of Beaufort, for Appellant.
 T. Wayne Yarbrough, of Bluffton, for Respondent.
 
 
 

PER CURIAM: 
 In this personal injury action, Beaufort Memorial Hospital (Hospital) appeals the
 grant of a new trial to Danny R. Prince on the ground that its Quality
 Assurance Committee file should have been made available to Prince during the
 prior trial.  We reverse and remand.
FACTS AND PROCEDURAL HISTORY
On February 13, 1999, Hospital admitted Prince
 into a fourth-floor room for treatment of job-related injuries.  Initially, Prince
 was a compliant patient and exhibited no signs of psychotic behavior.  Sometime
 after 10:30 p.m. on February 17, 1999, however, Prince apparently experienced a
 psychotic hallucination in his hospital room and was found by Hospital staff at
 11:20 p.m. on the roof of a lower floor with injuries to his ankles and head. 
 Although Prince did not remember anything from the incident, the window in his
 room appeared to have been forced open.  
On
 February 15, 2001, Prince brought a negligence action against Hospital and Hospitals
 servants and agents.  At issue in the case was how and why Prince ended up on
 the roof and whether or not the defendants could or should have prevented the
 incident.
During discovery, Prince sought to obtain a copy of a file
 generated by Hospitals Quality Assurance Committee pursuant to the Committees
 investigation of the incident.  Instead, however, Hospital provided a summary
 of expected witness testimony and refused to give Prince the file, claiming it
 was protected under South Carolina Code sections 40-71-10 and 40-71-20.[1]  Consequently, Prince filed a motion
 to compel discovery of the complete Quality Assurance Committee file.  The
 trial court denied the motion, and a jury ultimately returned a verdict in Hospitals
 favor.  
Following the denial of his motions for
 judgment notwithstanding the verdict and a new trial, Prince appealed to this Court,
 contending the trial court erred in finding the contents of the file were not
 subject to discovery.  In an unpublished opinion, this Court held
 that, although Hospitals Quality Assurance Committee was within the purview of
 section 40-71-10 to the extent the Committee operated pursuant to bylaws
 approved by Hospital and the information acquired by the Committee was
 protected under section 40-71-20, the nature of the case demands an in camera
 review of the file.  Prince v. Beaufort Meml Hosp., Op. No. 05-UP-602
 (Ct. App. 2006) (S.C. Ct. App. filed April 11, 2006).  Accordingly, this Court
 reversed the denial of Princes motion for a new trial and remanded the case to
 the trial court for an in camera review of the file, with the following
 instructions:

 [T]he circuit court shall conduct an in camera review of the
 committee file.  Using its discretion, the court shall decide whether the file
 warrants confidentiality.  If the circuit court determines that the file
 contains relevant evidence which is not protected by the confidentiality
 statute, then it shall declare a new trial.  Alternatively, if the circuit
 court determines that there is no relevant evidence in the committee file or
 that the file is not entitled to protections of the confidentiality statute,
 then the original denial of the new trial and JNOV motion would be affirmed.

After the
 required in camera review of the Quality Assurance Committee file, the trial
 court found Hospital had waived the protections of section 40-71-20 and
 declared a new trial.  The trial court based this finding on its observation
 that Hospital used certain witness statement summaries from this committee
 file in order to answer Interrogatories propounded by the Plaintiff.  Using
 the law on waiver of the attorney-client privilege as a guide, the trial court
 further held that, once the privilege is waived, it is clear that it is waived
 as to all communications on the same subject matter.  
Hospital moved for reconsideration, arguing among other things Prince
 did not raise the issue of waiver in his initial appeal and the trial court
 lacked authority to raise the issue sua sponte on remand.  The
 trial court declined to amend its prior order.  As to Hospitals argument that
 Prince failed to preserve the issue of waiver in his appeal, the trial court
 held Prince raised the issue of waiver specifically several times, and, more
 importantly, . . . the issue of waiver is so intertwined with the issue of
 confidentiality of the file that it was inherently preserved for review.  This
 appeal followed.
STANDARD OF REVIEW
The decision whether to grant a new
 trial is left to the sound discretion of the trial court
 and generally will not be disturbed on appeal.  Dropkin v. Beach Villa
 Condominium Assn, 373 S.C. 360, 363, 644 S.E.2d 808, 809 (Ct. App. 2007)
 (citing Rush v. Blanchard, 310 S.C. 375, 380, 426 S.E.2d 802, 805 (1993)).  An abuse of discretion occurs when the trial
 courts findings are wholly unsupported by the evidence or the conclusions
 reached are controlled by an error of law.  Wright v. Craft, 372 S.C.
 1, 36, 640 S.E.2d 486, 505 (Ct. App. 2006).
LAW/ANALYSIS
1.  Hospital first argues
 that Prince, in his initial appeal to this court, failed to challenge the
 rejection of his argument at trial that Hospital had waived its right to assert
 the Quality Assurance Committee file was confidential under section 40-71-20
 and is therefore barred by the law of the case doctrine from a finding on
 remand that Hospital waived its right to assert that the Quality Assurance
 Committee file was confidential.  We agree.
As a general rule,
 an unchallenged ruling, right or wrong, is the law of the case.  Ex parte
 Morris, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006).  Any unappealed
 portion of the trial courts judgment is law of the case and must be affirmed.
  Rumpf v. Massachusetts Mut. Life Ins. Co., 357 S.C. 386, 398, 593
 S.E.2d 183, 189 (Ct. App. 2004); see also ML-Lee Acquisition Fund,
 L.P. v. Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472
 (1997) (emphasizing that unappealed rulings become law of case and should not
 be reconsidered by this court).
As noted by the
 trial court on remand and acknowledged by counsel for both sides during oral
 argument for the present appeal, Prince raised the issue of waiver to the trial
 court when he sought to obtain the Quality Assurance Committee file.  After the
 trial, Prince appealed to this Court, raising the following five issues:
 

 (1) 
 Did the [trial] court err in granting the Hospital Section 40-71-10 & 20
 privileges of confidentiality regarding the incident reports without requiring
 proof that the Section applies? (2) Did the [trial] court err in denying the [Prince]
 his statement made the night of the incident?  (3)  Did the court erred [sic]
 when it found that the [Hospital] was a peer appearing before itself and
 being reviewed by itself, thereby qualifying for the privilege of
 confidentiality.  (4)  Did the [trial] court err in not reviewing the
 Hospitals alleged confidential file [i]n [c]amera to resolve
 conflicts in evidence resulting from discovery responses summarized by the
 Respondent from the alleged confidential file and witness testimony?  (5)  Did
 the trial court err in not granting the Princes JNOV?

We do not read any of these
 issues to include an argument on the issue of waiver.  In addition, we have
 reviewed the brief Prince filed in the prior appeal of this case, which was
 included in the record compiled for the present appeal, and have found nothing
 that addresses the issue of waiver.  We therefore hold Prince failed to appeal
 the trial courts refusal to consider his argument that Hospital had waived its
 protection under section 40-71-20.  See Rule 207(b)(1)(B) (Ordinarily,
 no point will be considered which is not set forth in the statement of the
 issues on appeal.).
In making this determination, we further hold the
 trial court erred in stating the issue of waiver was so
 intertwined with the issue of confidentiality of the file that it was inherently
 preserved for review.  Waiver is defined as
 an intentional relinquishment of a known right.  Lawrimore v.
 American Health & Life Ins. Co., 276 S.C. 112, 114, 276 S.E.2d 296, 297
 (1981) (emphasis added).  It follows that one seeking to establish a waiver of
 confidentiality inherently recognizes the confidential nature of the
 information being sought.[2]  
 
2.  We further
 agree with Hospital that the trial court, in finding Hospital had waived the
 right to invoke section 40-17-20, had exceeded the scope of authority granted
 by this Court in its prior opinion.
Once
 this Court issues a mandate to a trial court, the trial court is vested with
 jurisdiction only to the extent conferred by the appellate courts opinion and
 mandate.  S.C. Dept of Soc. Servs. v. Basnight,  346 S.C. 241,
 250-251, 551 S.E.2d 274, 279 (Ct. App. 2001) (quoting 5 Am. Jur. 2d Appellate
 Review § 784, at 43 (1995)).  It is
 the duty of the trial court to follow the decision of the appellate court.  Ackerman
 v. McMillan, 324 S.C. 440, 443, 477 S.E.2d 267, 268 (Ct. App. 1996).  Thus,
 it is error for a trial court to consider an issue that was not included in the
 remand instructions.  Id. 
Following
 a remand, the trial court acquires jurisdiction to enforce the judgment and
 take any action consistent with this Courts ruling.  Id.  Matters
 decided by the appellate court cannot be reheard, reconsidered, or relitigated
 in the trial court, even under the guise of a different form.  Id.  
 
In
 the present case, this Court previously concluded Hospitals Quality Assurance
 Committee was within the purview of section 40-71-10 to the extent the
 committee operated pursuant to bylaws approved by Hospital.  Nevertheless, the trial court was
 specifically instructed to examine the Quality Assurance Committee file to
 determine if it warrants confidentiality and if there was any evidence not
 protected by the confidentiality statute.  When conducting the in camera
 review, however, the trial court went beyond the remand instructions to find
 that Hospital waived its privilege to claim the confidentiality of the Quality
 Assurance [F[ile.
We recognize that this Court in its prior opinion stated that
 [i]n camera reviews should be used liberally to guard against even a mere
 possibility a miscarriage of justice will occur, and directed the trial court
 to use its discretion when reviewing the file.  Nevertheless, for the reasons
 we stated in the preceding section of this opinion, we hold the remand
 instructions did not authorize the trial court to consider whether Hospital had
 waived its right to assert the file was confidential.  The possibility that such
 a privilege may have been waived does not affect a determination of whether or
 not the evidence in the file was protected under section 40-71-20 in the first
 place.  
3.  In reviewing the appealed
 order in this case, we note the trial court, in addition to finding Hospital
 had waived the protections of section 40-71-20, concluded the committee file
 does contain relevant evidence that is not protected by the confidentiality
 statute.  The order, however, does not describe the evidence or explain why it
 is not protected by section 40-71-20.  Accordingly, we remand the matter to the
 trial court to set forth the specific portions of the Quality Assurance
 Committee file that are subject to discovery as well as the reasons these
 portions are not confidential under section 40-71-20.
4.  Based on our disposition
 of this appeal, we do not address Hospitals remaining argument concerning
 whether its disclosure of certain information under Rule 33, SCRCP, in fact
 constituted a waiver of the protection of section 40-17-20.  See Futch
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d
 591, 598 (1999) (ruling an appellate court need not review remaining issues
 when its determination of a prior issue is dispositive of the appeal).
CONCLUSION
We hold the trial
 court, in reviewing the Quality Assurance Committee file pursuant to this
 Courts prior opinion, exceeded its authority in finding Hospital had waived
 its right to invoke the protections of South Carolina Code section 40-71-20. 
 The issue of waiver was neither raised in the prior appeal nor mentioned by
 this Court when it decided the matter.  Nevertheless, because the trial court
 on remand found the committee file does contain relevant evidence that is not
 protected by the confidentiality statute, we again remand the matter to the
 trial court to set forth the evidence in the file that is subject to discovery
 and to explain why, consistent with the language in this Courts prior opinion,
 this evidence is not protected by the confidentiality statute.
REVERSED AND REMANDED.
HEARN,
 C.J., KITTREDGE and THOMAS, JJ., concur. 

[1]  South Carolina Code section 40-71-10 exempts members
 of certain professional committees from tort liability.  S.C. Code Ann. §
 40-71-10 (2001 and Supp. 2007).  Under section 40-71-20, [a]ll proceedings of and
 all data and information acquired by the committee referred to in Section
 40-71-10 in the exercise of its duties are confidential unless a respondent in
 the proceeding requests in writing that they be made public.  Id. § 40-71-20(A).  Section 40-71-20 further provides in pertinent part that
 [t]hese proceedings and documents are not subject to discovery, subpoena, or
 introduction into evidence in any civil action except upon appeal from the
 committee action.  Id.  The statute further provides, however, that
 [i]nformation, documents, or records which are otherwise available from
 original sources are not immune from discovery or use in a civil action merely
 because they were presented during the committee proceedings . . . .  Id.
[2]  We further reject Princes
 allegation that the judge who had presided at the trial of the matter had 
 intertwined the waiver issue with confidentiality by denying [Princes motion
 to compel], holding he had all ready [sic] ruled on the issue of
 confidentiality.  We have reviewed those portions of the transcript cited in
 Princes brief to support this assertion and were unable to discern how the
 judges rulings could be interpreted to equate a ruling on the issue of
 confidentiality with a ruling on waiver.