**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tidelands Bank, Respondent,

v.

J.R. Gregory Ventures, LLC, Marilyn T. Schmitt and The Meridian Owners Association, Inc., Defendants,

Of whom J.R. Gregory Ventures, LLC and Marilyn T. Schmitt are the Appellants.

Appellate Case No. 2014-001733

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2015-UP-398
Submitted July 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Peter Gerard McGrath and Matthew Evan Pecoy, both of McGrath Law Firm, PA, of Mount Pleasant, for Appellants.

W. Gregory Pearce, Sr. and Joseph Timothy Belton, both of Moore & Van Allen, PLLC, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* ("Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *TranSouth Fin. Corp. v. Cochran*, 324 S.C. 290, 294, 478 S.E.2d 63, 65 (Ct. App. 1996) ("A guaranty is a contract and should be construed based on the language used by the parties to express their intention."); *Klutts Resort Realty, Inc. v. Down'Round Dev. Corp.*, 268 S.C. 80, 87-88, 232 S.E.2d 20, 24 (1977) (stating an individual who executes a corporate contract that contains a personal promise is not relieved from personal liability by adding to his name a term such as "director," "president," or a similar title); *id.* at 90, 232 S.E.2d at 25 ("To relieve the signer personally it must appear from the whole instrument or competent testimony, where parol evidence is admissible, that the instrument was intended to be the contract of the principal and not that of the agent.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.