**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Billy Joe Cartrette, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-000759

Appeal From Greenville County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-219
Submitted March 1, 2017 – Filed May 24, 2017

**AFFIRMED**

Billy Joe Cartrette, pro se.

Lake Eric Summers, of Malone Thompson Summers &
Ott, LLC, of Columbia, for Respondent.

**PER CURIAM:** Billy Joe Cartrette appeals the circuit court's dismissal of a civil action he filed against the South Carolina Department of Corrections (the Department) concerning claims he was inadequately compensated for his participation in a project operated by the Prison Industries Program. On appeal, Cartrette argues (1) the circuit court erred in dismissing the action pursuant to Rule 12(b)(1), SCRCP; (2) the circuit court should have allowed him to proceed on

claims for additional compensation because he presented a justiciable controversy; and (3) the circuit court previously exercised jurisdiction over the matter when it decided Cartrette's appeal of an order issued by the Administrative Law Court (ALC) regarding the Department's denial of a grievance concerning the same matter and the Department, in failing to appeal the order, waived its right to challenge the circuit court's exercise of subject matter jurisdiction in the matter. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to Issue 1: *S.C. Dep't of Corr. v. Cartrette*, 387 S.C. 640, 648, 694 S.E.2d 18, 22-23 (Ct. App. 2010) (reversing the circuit court's decision concerning Cartrette's overtime pay and remanding this issue and a related issue to the ALC), *cert. dismissed as improvidently granted*, 396 S.C. 523, 722 S.E.2d 805 (2012); *S.C. Dep't of Soc. Servs. v. Basnight*, 346 S.C. 241, 250, 551 S.E.2d 274, 279 (Ct. App. 2001) ("[A] trial court has no authority to exceed the mandate of the appellate court on remand."); *Prince v. Beaufort Mem'l Hosp.*, 392 S.C. 599, 605, 709 S.E.2d 122, 125 (Ct. App. 2011) ("The mandate of the appellate court is jurisdictional."); *Wells v. Sutton*, 299 S.C. 19, 22, 382 S.E.2d 14, 16 (Ct. App. 1989) ("A judgment represents a judicial declaration that a judgment debtor is personally indebted to a judgment creditor for a sum of money.").

2. As to Issue 2: *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Under the law-of-the-case doctrine, a party is precluded from relitigiating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court.").

3. As to Issue 3: *Prince*, 392 S.C. at 606, 709 S.E.2d at 126; ("Matters decided by the appellate court cannot be reheard, reconsidered, or relitigated in the trial court, even under the guise of a different form." (quoting *Ackerman v. McMillan*, 324 S.C. 440, 443, 477 S.E.2d 267, 268 (Ct. App. 1996))).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.