**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anderson Discount Housing, LLC, Appellant,

v.

John M. Hornbeck III and Christina L. Hornbeck, Respondents.

Appellate Case No. 2023-001033

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-051
Submitted January 2, 2026 – Filed February 4, 2026

———————

**AFFIRMED**

———————

Townes Boyd Johnson, III, of Townes B. Johnson III, LLC, of Greenville, for Appellant.

Joshua Brent Raffini, of Pruitt & Pruitt, of Anderson, for Respondents.

———————

**PER CURIAM:** Anderson Discount Housing, LLC (Anderson) appeals the circuit court's order denying its claims for specific performance and damages for breach of contract against John Hornbeck, III, and Christina Hornbeck (collectively, the Hornbecks). On appeal, Anderson argues that the circuit court erred in finding (1)

it was not entitled to specific performance of its contract with the Hornbecks, and (2) it breached the contract. We affirm pursuant to Rule 220(b), SCACR.

1. As to issue one, we hold a preponderance of the evidence supports the circuit court's finding that Anderson was not entitled to specific performance because it failed to prove it was ready, willing, and able to perform its obligations when it had not tendered payment or demonstrated a genuine intent to close prior to filing suit. *See King v. Oxford*, 282 S.C. 307, 314, 318 S.E.2d 125, 129 (Ct. App. 1984) ("Specific performance is an equitable remedy."); *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 105, 531 S.E.2d 287, 291 (2000) ("In equity actions an appellate court can review the record and make findings based on its view of the preponderance of the evidence."); *Pascoe v. Wilson*, 416 S.C. 628, 640, 788 S.E.2d 686, 693 (2016) ("A preponderance of the evidence is evidence which convinces the fact finder as to its truth."); *Ingram*, 340 S.C. at 105, 531 S.E.2d at 290-91 ("Specific performance should be granted only if there is no adequate remedy at law and specific enforcement of the contract is equitable between the parties."); *id.* at 106, 531 S.E.2d at 291 ("In order to compel specific performance, a court of equity must find: (1) there is clear evidence of a valid agreement; (2) the agreement had been partly carried into execution on one side with the approbation of the other; and (3) the party who comes to compel performance has performed his or her part, or has been and remains able and willing to perform his or her part of the contract.").

2. As to issue two, we hold a preponderance of the evidence supports the circuit court's finding that Anderson materially breached the contract first by attempting to unilaterally modify the contract to allow staggered payment prior to the Hornbecks' refusal to sell the properties. *See Campbell v. Carr*, 361 S.C. 258, 263, 603 S.E.2d 625, 627 (Ct. App. 2004) ("In an action in equity, tried by the judge alone, without a reference, on appeal the appellate court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence."); *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 591, 658 S.E.2d 539, 542 (Ct. App. 2008) ("It is a question of law for the court whether the language of a contract is ambiguous."); *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 171, 568 S.E.2d 361, 363 (2002) ("Basic contract law provides that when a contract is clear and unambiguous, the language alone determines the contract's force and effect."); *id.* ("It is not the function of the court to rewrite contracts for parties."); *Silver*, 376 S.C. at 591, 658 S.E.2d at 542 ("Whether a contract is ambiguous is to be determined from the entire contract and not from isolated portions of the contract."); *Bannon v. Knauss*, 282 S.C. 589, 593, 320 S.E.2d 470, 472 (Ct. App. 1984) ("Interpretation of the contract is governed by the objective manifestation of the parties' assent at the time the contract was made."); *id.* ("It does not depend on

the subjective, after the fact meaning one party assigns to it."); *Silver*, 376 S.C. at 593, 658 S.E.2d at 543 ("[A party] is not permitted to reinterpret written contract terms midstream because he is unhappy with the contract he executed."); *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 405-06, 581 S.E.2d 161, 166 (2003) ("It is well established that '[a] written contract may be modified by a subsequent agreement of the parties, provided the subsequent agreement contains all the requisites of a valid contract.'" (quoting *Florence City-County Airport Comm'n v. Air Terminal Parking Co.*, 283 S.C. 337, 341, 322 S.E.2d 471, 473 (Ct. App. 1984))); *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 309, 698 S.E.2d 773, 778 (2010) ("Moreover, even if the language creates an ambiguity, a court will construe any doubts and ambiguities in an agreement against the drafter of the agreement."); *Silver*, 376 S.C. at 594, 658 S.E.2d at 543 ("Where a contract is not performed, the party who is guilty of the first breach is generally the one upon whom all liability for the nonperformance rests."); *Ackerman v. McMillan*, 314 S.C. 268, 271, 442 S.E.2d 618, 619-20 (Ct. App. 1994) ("In order to warrant a repudiation, a breach must be so fundamental and substantial as to defeat the purpose of the contract.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.